EDWARD J. BURNS, as Administrator, etc., of WILLIAM A. BURNS, Deceased, Respondent, *v.* THE CITY OF NEW YORK, Appellant.

First Department, June 24, 1931.

*Henry J. Shields* of counsel [*Edward A. Gobel* and *J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the appellant.

*Reginald F. Isaacs* of counsel [*Henry M. Powell* with him on the brief, attorney], for the respondent.

MARTIN, J. The plaintiff's intestate, William A. Burns, was employed as a deckhand by the defendant, the city of New York, and was assigned to duty as a bridgeman at the Clason Point Ferry terminal, in the borough of The Bronx, from midnight to eight A. M. on May 18, 1924. Part of his work was to raise and lower the bridge connecting the dock or ferry landing with the ferryboat and to make the vessel fast to the bridge, which was accomplished

by inserting in a ring on the boat a hook attached to the end of a rope and fastened to the anchoring machinery. The line was then made taut by means of a gear and drum apparatus operated by a large hand wheel. During the performance of his work he sustained injuries resulting in his death.

The accident was described by the witness Thomas J. Carpenito, another deckhand assigned to work at the College Point terminal, Queens county, who was at the Clason Point landing waiting for a boat to take him across. The boat which left College Point at seven A. M. was approaching the Clason Point landing when the deceased started to prepare the mooring apparatus to fasten the boat in the slip. While Burns was manipulating the machinery, certain parts of it broke and some of the flying pieces struck and killed him.

The plaintiff's action is based on the claim that the " ferry bridge * * * was defective, unsafe and in a dangerous and unsuitable condition."

The only evidence of a defective condition offered in support of the claim was evidence given by an expert that a cast-iron gear wheel forming a part of the hoisting and mooring apparatus was defective in that it was cracked in two places, which defects the plaintiff claims the defendant would have discovered if it had tested the wheel by tapping it with a hammer.

The defendant established that the apparatus was assembled at the city repair shop at St. George, Staten Island, by an experienced machinist who had been doing that work for the past twenty-four years, during which time the city of New York operated ferries; that it had been installed the afternoon before the accident, after having been carefully tested; that the gear wheel was new and was tested in the manner stated by the plaintiff's expert witness to be the proper test; that the wooden wheel and the framework forming part of the apparatus were also newly constructed.

The city of New York, the appellant herein, contends that the plaintiff failed to prove any negligence on its part in the construction or maintenance of the apparatus. Although it is claimed by the plaintiff that the gear was defective, the city proved that it was not defective; that all the machinery was new; that it stood the usual tests described by the plaintiff's expert witness even though it was not the practice nor was it necessary for purchasers of metal to make such tests. The entire mooring apparatus was constructed by Henry H. Kuhn, a machinist in the department of plant and structures of the city of New York, of new material and was installed by him the day before the accident.

The plaintiff's expert who testified to the defective condition of

the gear offered in evidence, first examined it *about five years* after the accident. It was said to have been picked up at the time of the accident by a representative of the plaintiff's attorney. No one testified that it had been kept in the same condition for the five years intervening between the time of the accident and the examination by the plaintiff's expert, although the man who was employed by plaintiff's attorney and who had picked it up testified that it appeared to him to be in the same condition.

The plaintiff relies principally upon the testimony of the expert witness that the broken piece of gear in evidence disclosed two old cracks. This witness stated that by " old cracks " he meant cracks which occurred before the accident and which would have been disclosed by a rapping or hammering on the gear. He further testified that the piece of gear in evidence was only thirty-three and one-third per cent perfect and that it had been used for perhaps twenty-five years.

There is no doubt that the overwhelming weight of the evidence disproved the claim of defect in the gear as suggested by the plaintiff's expert witness. There was no satisfactory proof as to how this accident occurred. No one appears to know its cause. The court charged that the doctrine of *res ipsa loquitur* applied. Assuming that to be correct, the presumption growing out of that doctrine was met by the positive testimony of several employees of the city of New York who placed the machinery in position and knew its condition.

The city of New York also contends that the plaintiff was limited to workmen's compensation, as he was employed on a bridge fastened to land with its outer projections resting on pontoons, and that the bridge was not a navigable object. This was a maritime tort and, therefore, the Workmen's Compensation Law has no application. The deceased was engaged in an occupation which related to the operation of boats on navigable waters. To moor the incoming ferryboats he frequently boarded them to insert the hook on the mooring rope in the ring attached to the deck of the ferryboat. His duties were such that his occupation must be considered of a maritime nature, since the float or bridge upon which he was injured was on the water, attached to the land. (*Baizley Iron Works* v. *Span,* 281 U. S. 222.)

The judgment and order should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., McAVOY and O'MALLEY, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.