Van Voorhis, J.
 

 The widow of a State employee filed a claim against the State of New York in the Court of Claims to recover damages for conscious pain and suffering and for the alleged wrongful death of her husband, who was fatally injured in an accident on New York State derrick barge 2A, a nonpropelled boat, used in the repair and maintenance of the State canal system. The claim was filed under section 688 of title 46 of the United States Code, known as the Jones Act. The Court of Claims, after trial, found that the underlying accident and liability were maritime in character, dependent upon negligence and every other substantial element which, in the circumstances, would render an individual or a private corporation liable under the Jones Act. It withheld an award on the ground that the exclusive Federal jurisdiction of maritime matters precludes an award in the Court of Claims, and that the State has not waived its sovereign immunity with respect to the Jones Act.
 

 The Appellate Division agreed with the Court of Claims that the State has not waived its sovereign immunity with respect to the Jones Act, and was of opinion that the intention of the Legislature was to make compensation the exclusive remedy in all its employments, even maritime, and that otherwise it retained its general immunity as to all claims of its employees injured in the course of their employment.
 

 The decedent sustained his fatal injuries while working at the spool or winch as the barge pulled itself at lock No. 7 on the Oswego River canal on October 16, 1951. He was alone in the engine room, when his screams brought another crew member to the room, who climbed to the platform and stopped the spool from turning. The decedent was then down on one knee, his left arm twisted behind him under three or four turns on the spool.
 
 *359
 
 He was loosened by cutting the rope, and taken to the hospital. He remained conscious after the accident until his death at the hospital on October 23, 1951, one week after the accident.
 

 It is a fundamental rule of jurisprudence that a State may not be sued without its consent
 
 (Hans
 
 v.
 
 Louisiana,
 
 134 U. S. 1, 13 ;
 
 Ex Parte State of New York,
 
 256 U. S. 490, 497-500;
 
 Monaco
 
 v.
 
 Mississippi,
 
 292 U. S. 313, 329). A waiver of immunity from liability must be clearly expressed
 
 (Goldstein
 
 v.
 
 State of New York,
 
 281 N. Y. 396, 403;
 
 Smith
 
 v.
 
 State of New York,
 
 227 N. Y. 405, 410).
 

 Section 8 of the Court of Claims Act provides:
 
 “
 
 Waiver of immunity from liability. The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article.
 
 Nothing herein contained shall he construed to affect, alter or repeal any provision of the worhmen’s compensation law.”
 
 (Italics supplied.)
 

 The right to bring an action under the Jones Act exists only by reason of that statute. Under the general maritime law, there was no right to recovery for injuries to a seaman, resulting in death. The Jones Act has superseded the State wrongful death statutes with respect to fatal injuries received by seamen in the course of their employment (Willock, Commentary on Marine Workers, 46 U. S. C. A., pp. 211, 240, 255). The remedies of the Jones Act may be enforced either in the admiralty courts, under admiralty procedure, without a jury, or in the Federal or State courts administering the common-law remedies, with the right of trial by jury. An action under the act is barred, unless commenced within three years from the day the cause of action accrued (Willock, Commentary on Marine Workers, 46 U. S. C. A., pp. 257-261, 268). It is indicated in the Commentary at page 258 that the Jones Act applies only to vessels of private ownership or operation. The jurisdiction of the Court of Claims is entirely statutory
 
 (Smith
 
 v.
 
 State of New York, supra).
 
 There is no right of trial by jury in the Court of Claims (Court of Claims Act, § 12, subd. 3). The Statute of Limitations for the maintenance of an action under the Jones Act is different from that prescribed by the State (Court of Claims Act, § 10, subd. 3).
 

 
 *360
 
 Subdivision 1 of section 3 of the Workmen’s Compensation Law provides: ‘1 Compensation shall be payable for injuries or death incurred by employees in the following employments * * * Group 16. Any employment by the state ’ ’.
 

 The Appellate Division held that since the deceased was covered by workmen’s compensation, the employer’s liability to pay compensation is exclusive and in place of any other liability whatsoever. Referring to section 8 of the Court of Claims Act and to subdivision 1 of section 3 of the Workmen’s Compensation Law, the Appellate Division said:
 

 “
 
 We co„jMyr these statutes controlling. The State, undoubtedly aware of the provisions of the Jones Act, which was enacted in 1920 and which applies only where there is an employer-employee relationship, has made compensation the exclusive remedy available to State employees injured in the course of their employment and has withheld consent to be sued in such cases. * * *
 

 “ The Merchant Marine Act of 1920 does establish a uniform principle of substantive law, applicable in its field unhampered by the exceptions or alterations of State
 
 law;
 
 but it does not and cannot alter the sovereign’s immunity from suit or enlarge the jurisdiction of State courts. Local control of the jurisdiction of State tribunals is not subordinate to Federal control of the substantive rules of admiralty law. The latter may not affect the former. The Court of Claims Act contains no waiver of immunity as to claims of persons covered by the Workmen’s Compensation Law, and there is no jurisdiction to hear such claims.”
 

 It is clear that the State is immune from suit
 
 in personam
 
 in admiralty brought by a private person without its consent
 
 (Ex Parte State of New York, supra).
 
 This conclusion is not altered by section 113 of the Workmen’s Compensation Law, insofar as concerns claims by State employees against the State. In
 
 Goldstein
 
 v.
 
 State of New York
 
 (281 N. Y. 396, 406,
 
 supra),
 
 this court
 
 said: “ ‘
 
 But it is not true that whenever an individual is liable for a certain act the State is liable for the same act.’
 
 (Barrett
 
 v.
 
 State,
 
 220
 
 N.
 
 Y. 423, 430. Cf.
 
 McAuliffe
 
 v.
 
 State,
 
 107 Misc. Rep. 563.) ”
 

 The claimant in support of its thesis that the State, as a maritime employer, is to be treated like a private person, cites
 
 *361
 

 Burns
 
 v.
 
 City of New York
 
 (233 App. Div. 98) and
 
 Matter of Chaconis
 
 v.
 
 City of New York
 
 (257 App. Div. 885), but neither of those cases involved this question.
 

 The Federal law could not give a seaman employed by the State a right of action against it in the Court of Claims, nor does it preclude the State from making its Workmen’s Compensation Law the only remedy available to its maritime employees. The State has said that the coverage of the Workmen’s Compensation Law shall extend to any employment by the State. Section 8 of the Court of Claims Act states that
 
 “
 
 Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen’s compensation law.”
 

 The provisions of section 8 of the Court of Claims Act, whereby the State consents to have its liability determined in accordance with the same rules of law applied to actions in the Supreme Court, did not constitute a consent on its part to the maintenance against it of these federally created rights. Inasmuch as workmen’s compensation was the exclusive remedy against the State before the adoption of section 8, it remained so afterwards in view of the exception to the extension of waiver of governmental immunity therein contained. The exclusiveness of the workmen’s compensation remedy against the employer established by section 11 of the Workmen’s Compensation Law applies to the State as well as to other employers; and section 8 of the Court of Claims Act is careful to provide that, in waiving immunity, the exclusiveness of the compensation remedy against the State is not impaired.
 

 It follows that the Court of Claims lacks jurisdiction over this claim, and that it was correctly dismissed.
 

 The claimant urges that her intestate was not, as a matter of law, guilty of contributory negligence. The Court of Claims found as a fact that he was guilty of contributory negligence. The Appellate Division apparently did not consider this question inasmuch as it dismissed the claim for lack of jurisdiction.
 

 It is recommended that the judgment should be affirmed, with costs.
 

 Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Burke, JJ., concur.
 

 Judgment affirmed.