Charles **KIESEL** and Hilbert Kiesel, as owners of the S/V "CORAL SANDS", Plaintiffs-Appellees,

v.

The **STATE OF FLORIDA, DEPART-MENT OF NATURAL RESOURCES** and Frank Fernandez, Defendants-Appellants.

No. 72–3018.

United States Court of Appeals, Fifth Circuit.

June 25, 1973.

Jerry E. Okner, Asst. Atty. Gen., Dept. of Legal Affairs, Robert L. Shevin, Atty. Gen., Tallahassee, Fla., for defendants-appellants.

William C. Norwood, Richard M. Gale, Miami, Fla., for plaintiffs-appellees.

Before WISDOM, DYER and INGRAHAM, Circuit Judges.

PER CURIAM:

The case on appeal is an admiralty action for damages. Plaintiffs-appellees, the owners of a shrimping vessel, sued the State of Florida, the Department of Natural Resources and Frank Fernandez, a marine patrol officer of the Department of Natural Resources. The vessel was operating in navigable waters near Everglades City, Florida, when patrol officer Fernandez boarded the vessel and found eight crawfish tails in the hold. Since the vessel had no crawfishing permit, Captain Russell, the master of the vessel, was cited and an appearance bond in the amount of $35 was set, which the Captain was unable to satisfy. In default of bond, Captain Russell was ordered to accompany Officer Fernandez to Everglades City. When advised he would not leave the boat, Officer Fernandez ordered the vessel into Everglades City through the nearest available channel. In the course of navigating the channel the vessel ran aground on a mud flat. While waiting

for a high tide to clear the vessel from the flat Officer Fernandez and Captain Russell negotiated a lower bond in the amount of $25 which the vessel was able to make, and with the coming of high tide the vessel proceeded on its appointed rounds and sank shortly thereafter in clear seas. A more detailed account of the maneuverings is found in the findings of fact of the court below.

We find no merit to the appellants' claim that the federal court was without jurisdiction. Jurisdiction is vested under the admiralty and maritime laws of the United States pursuant to 28 U.S.C.A. § 1333 and F.R.Civ.P. 9(h). And the State of Florida had given its consent to be sued, Florida Statutes, § 768.15, as follows:

"Torts by public officers and employees.

(1) *Waiver of immunity.*—The state, for itself and its counties, agencies, and instrumentalities, waives immunity for liability for the torts of officers, employees, or servants committed in the state. The state and its counties, agencies, and instrumentalities shall be liable in the same manner as a private individual, but no action may be brought under this section if the claim:

(a) Arises out of the performance or the failure to perform a discretionary function;

(b) Arises out of a riot, unlawful assembly, public demonstration, mob violence, or civil disturbance;

(c) Arises out of the issuance, denial, suspension, or revocation of, or by the failure to issue, deny, suspend, or revoke, a permit, license, certificate, approval, order, or similar authorization; or

(d) Arises out of the collection or assessment of taxes.

(2) *Punitive damages.*—Punitive damages shall not be allowed in an action brought under this section.

(3) *Venue.*—Actions under this section shall be brought in the county where the cause of action arose.

(4) *Remedies cumulative.*—The rights and remedies under this section are cumulative to all others.

(5) *Effective date.*—This section shall become effective on July 1, 1969 and shall not apply to acts or omissions occurring before that date."

The appellants contend that a statute waiving immunity from suit is strictly construed and that the failure of the statute to specifically waive immunity in federal court conclusively shows that there was no such waiver. We believe the district court was correct in rejecting such contention. If the legislature had intended to limit the forums in which the state might be sued it could easily have done so. This it did not do. We believe and hold that the provisions of paragraph (3) of the Act relating to venue should be construed to extend to any court exercising competent jurisdiction over the designated area and certainly would include the admiralty court in an admiralty case.

Upon the issues of liability and damages, we are of the opinion that the standards of McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20, are clearly met and we must affirm. We cannot conclude, from the record, that the findings of the district court are "clearly erroneous". We are of the opinion that such findings are fully supported and correct.

The judgment of the district court is affirmed.