Earl J. LYONS, Appellant,

v.

TEXAS A & M UNIVERSITY, Appellee.

No. 1524.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 29, 1976.

Rehearing Denied Jan. 19, 1977.

R. M. Sharpe, Jr., Houston, Rex Woodard, Sanders & Sanders, Beaumont, for appellant.

John L. Hill, Atty. Gen. of Texas, Richard L. Arnett, Asst. Atty. Gen., Austin, for appellee.

CIRE, Justice.

This appeal is from the granting of appellee's plea in abatement and the dismissal of appellant's suit.

Appellant Earl J. Lyons brought suit in the 10th District Court, Galveston County, against appellee Texas A & M University for personal injuries sustained on the University's vessel, the *Texas Clipper*, while serving in the ship's crew as a cook. His petition alleged that the University, through various negligent acts and unseaworthy conditions on the vessel, caused his injuries when a box fell on him in a storeroom of the ship. He brought suit under the Jones Act, 46 U.S.C. § 688 (1970), the "general maritime law," the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970), and "all other applicable laws."

The University filed a plea in abatement and plea to the jurisdiction. After a hearing, the district court sustained the plea in abatement and dismissed the suit, holding that the State had not consented to be sued and had made the Texas A & M workmen's compensation statute, Tex.Rev.Civ.Stat. Ann. art. 8309b (1967), the exclusive remedy for appellant Lyons.

Lyons appeals on three points of error. In his first point he contends the trial court, sitting as a court in admiralty, erred in dismissing this suit on the basis of sovereign immunity. In admiralty Lyons would have three possible remedies against his employer: (1) a suit to recover damages for negligence under the Jones Act; (2) a claim for maintenance and cure; and (3) an action for damages for unseaworthiness. Gilmore & Black, The Law of Admiralty § 6–6 (2d ed. 1975). We hold that these actions cannot be brought against the State without its consent and that the State has not consented to be sued in this case.

The Supreme Court of Texas has recently held that the State is not liable for its torts in the absence of a constitutional or statutory provision; that state universities share this immunity; and that waiver of the immunity is a matter for the Legislature. *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.Sup.1976). Appellant has not presented any statute, general or special, authorizing a suit against the State under the Jones Act or the general maritime law. The State is clearly immune from suits in personam brought under the general maritime law without its consent. *Ex parte State of New York*, 256 U.S. 490, 497, 500, 41 S.Ct. 588, 589, 590, 65 L.Ed. 1057, 1060, 1062 (1921). Nor does it appear that a suit may be brought against the State in its own courts under the Jones Act without its consent. The Supreme Court of the United States has not spoken on this matter, nor has it been considered in Texas, but the supreme courts of two other states have considered the question and held that a state must waive its sovereign immunity before a Jones Act suit may be brought against it. *Gross v. Washington State Ferries*, 59 Wash.2d 241, 367 P.2d 600, 602 (1961); *Maloney v. State*, 3 N.Y.2d 356, 165 N.Y.S.2d 465, 144 N.E.2d 364, 367 (1957). The first point is overruled.

Appellant's second point assigns error in the trial court's ruling that the State had not consented to be sued under the Texas Tort Claims Act and his third point attacks the court's ruling that article 8309b is his exclusive remedy. We overrule these points.

The Texas Tort Claims Act, while waiving the State's governmental immunity in part and granting a remedy against it, limits that remedy with regard to government employees. Section 19 of the Act provides:

Any governmental unit carrying Workmen's Compensation Insurance or accepting the provisions of the Workmen's Compensation Act of the State of Texas shall be entitled to all of the privileges and immunities granted by the Workmen's Compensation Act of the State of Texas to private persons and corporations.

The Workmen's Compensation Act includes all of Title 130 of the Revised Statutes, being articles 8306 to 8309a (the general compensation law) and articles 8309b to 8309h (laws providing coverage for certain groups of public employees). Appellee Texas A & M University carries workmen's compensation insurance, under a statute specifically providing therefor. Tex.Rev.

Civ.Stat.Ann. art. 8309b (1967). The Legislature has not waived governmental immunity in tort suits by state employees. Rather, it has retained the immunity and provided an alternative remedy through workmen's compensation.

■ Appellant correctly points out that in general, the workmen's compensation statutes do not apply to seamen. The general compensation law provides coverage for "employees," and the definition of "employees" excludes "seamen on vessels engaged in interstate or foreign commerce . . . ." Tex.Rev.Civ.Stat.Ann. art. 8309, § 1 (1967). This exclusion of seamen from workmen's compensation statutes was directed by a series of Supreme Court decisions, beginning with *Southern Pac. Co. v. Jensen*, 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917); *see* Gilmore & Black, The Law of Admiralty, *supra*, § 6–45. The State, however, is immune from suit without its consent. It could provide any remedy it wished and limit seamen to that remedy exclusively. *See Maloney v. State, supra* at 361, 165 N.Y.S.2d at 469, 144 N.E.2d at 367.

Appellant's remedy here is not under the general workmen's compensation laws which apply to private employers, but rather under article 8309b, a special law applicable to Texas A & M University. It is significant that article 8309b does not adopt the definition of "employee" found in section 1 of article 8309, nor is such term ever used in this article. For the term "employee" article 8309b substitutes "workman" and defines it thus: "'Workman' shall mean every person employed in the service of any institution as defined above, whose name appears on the payroll thereof." Tex. Rev.Civ.Stat.Ann. art. 8309b, § 2 (Supp. 1976).

■ Appellant is a workman employed by Texas A & M University. The Texas Tort Claims Act gives the University all the privileges and immunities granted by article 8309b, and section 6 of article 8309b makes its remedy exclusive.

Judgment is affirmed.