Francisco KAMANI, Plaintiff-Appellant,

v.

PORT OF HOUSTON AUTHORITY, Defendant-Appellee.

No. 82–2358
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 14, 1983.

Mandell & Wright, Sidney Ravkind, Houston, Tex., for plaintiff-appellant.

Hicks, Hirsch, Glover & Robinson, Thomas D. Hamblin, Houston, Tex., for defendant-appellee.

Before RUBIN, JOHNSON and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Francisco Kamani was injured while working as a longshoreman aboard the SS TINOS. He alleged that he fell and was seriously injured while running on shipboard to escape the descending jaws of a land-based crane operated by the Port of Houston Authority. Kamani originally brought suit in the Texas courts against the two Greek business entities which owned and operated the vessel upon which he was injured. One of the defendants removed the suit from the state to the federal court on diversity jurisdiction. Appellant then filed an amended complaint and added the Port of Houston Authority as an additional defendant. This action destroyed the court's diversity jurisdiction, and the case was remanded to the state courts by the United States District Court.

Eight days later Kamani filed this separate negligence action against the Port of Houston Authority in the federal court, identifying the action as an admiralty or maritime claim pursuant to Fed.R.Civ.P. Rule 9(h). The district court upheld a motion to dismiss by the defendant Port of Houston Authority. The court reasoned that the Authority was an agency of the State of Texas, and under the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19 (Vernon's Supp.1982), the Texas Statute of Limitations of two years on tort actions barred the claim. Tex.Rev.Civ.Stat. Ann. art. 5526 (Vernon's Supp.1982).

Appellant asserts that since this case falls under maritime jurisdiction, state limitations statutes are not binding. We note that until the passage of the three-year limitation covering maritime tort injuries, effective October 6, 1980, 46 U.S.C. § 763a, the applicable principle of limitations in such cases was laches under which the states' limitations statutes were looked to for guidance, but were not binding. *Pure Oil Co. v. Snipes,* 293 F.2d 60, 69 (5th Cir. 1961); 1 Norris, The Law of Maritime Personal Injuries § 123, p. 233 (3d ed.1975).

I.

This is a maritime case. Appellant was a longshoreman injured while working on a vessel on navigable waters. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408, 3 L.Ed.2d 550 (1959). The fact that he alleges his injury was caused by the operation of a land-based crane does not change the maritime nature of his claim. *Kelly v. Smith,* 485 F.2d 520, 526 (5th Cir.1973), cert. denied sub nom., *Chicot Land Co. v. Kelly,* 416 U.S. 969, 94 S.Ct. 1991, 40 L.Ed.2d 558 (1974).

Although the claim is in admiralty, the Eleventh Amendment sovereign immunity of the State of Texas and its instrumentalities stands. The state is free from a maritime tort claim absent its consent. Appellant's suit does not lie in this case unless the State of Texas has consented to the suit because the Port of Houston Authority is "a creature of state law and a political subdivision of the State of Texas." *McCrea v. Harris County Houston Ship Channel Navigation Dist.,* 423 F.2d 605, 607 (5th Cir.), cert. denied, 400 U.S. 927, 91 S.Ct. 189, 27 L.Ed.2d 186 (1970). The Port of Houston Authority is the successor to the earlier Harris County Ship Channel Navigation District, the subject of this earlier holding.

The State of Texas has consented to claims in tort against state governmental entities under the Texas Tort Claims Act.

This particular claim is specifically within the terms of that statute because the statute covers personal injury proximately caused by the negligence of any officer or employee acting within the scope of that person's employment if the injury arose from "the operation or use of a motor driven vehicle and motor driven equipment." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Vernon's Supp.1982). The injury in this case was allegedly caused by a motor driven crane on shore operating over the vessel upon which appellant was injured.

## II.

The Texas Tort Claims Act does not contain a limitations statute within its own confines, although it does contain a timely notice requirement which will be discussed later. The district court found that the applicable statute of limitations in a maritime claim authorized by the Texas Tort Claims Act is the two-year limitation on tort claims contained in the general Texas Statute of Limitations. Tex.Rev.Civ.Stat. Ann. art. 5526 (Vernon's Supp.1982).

The issue of whether the Texas limitations statute controls this maritime injury or limitations is based upon the maritime principle of laches or the three-year federal limitations statute passed in 1980 would be critical in this case if we reach that issue. This suit was filed over two years but less than three years after the injury occurred. We find it unnecessary, however, at this time to resolve the difficult issue as to which limitations law is applicable. The role that the Texas Tort Claims Act plays in authorizing this suit was not even recognized or briefed in appellant's presentation at the district court level. Nor is the issue of whether the state or maritime statute of limitations applies adequately briefed before this Court.

We point out considerations on both sides of this difficult issue. In support of the view that the maritime limitations should apply, it can properly be said that if Texas contemplated that only the Texas limitations statute would be applicable to suits brought under the Texas Tort Claims Act,

it could have made it clear within the terms of the statute itself. But the legislature did not do so.

■ The applicability of the Texas limitations is made difficult because this is unquestionably a maritime case. At one time the rule was so extreme that it was broadly held that only federal courts could exercise maritime jurisdiction and maritime law was exclusively the creature of the national government. *Butler v. Boston & S. S.S. Co.,* 130 U.S. 527, 557, 9 S.Ct. 612, 619, 32 L.Ed. 1017 (1889); *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 215, 37 S.Ct. 524, 528, 61 L.Ed. 1086 (1917). It is now recognized, however, that matters which are "maritime but local" will authorize the application of state law. *Kossick v. United Fruit Co.,* 365 U.S. 731, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961); *Powell v. Offshore Navigation, Inc.,* 644 F.2d 1063, 1065 n. 3 (5th Cir.), *cert. denied,* 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981). Clearly, the State of Texas should properly have contemplated that when it consented to being sued for claims in tort some of those claims would be in admiralty. We have recognized the application of admiralty law to a claim authorized under a state tort claims act. *Kiesel v. State of Florida, Dept. of Natural Resources,* 479 F.2d 1261 (5th Cir.1973).

Our recent decision in *Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, Her Cargo, Apparel, Tackle, and Furniture, in a Cause of Salvage, Civil and Maritime,* 695 F.2d 893 (5th Cir.1983), raises considerable doubt as to a conclusion that the state limitations statute automatically is applicable without any specific indication contained within the statute itself. In *Platoro* the State of Texas waived sovereign immunity with respect to the private salvage of an ancient sunken vessel off the coast of Texas. The clear thrust of our opinion is that once the state waives sovereign immunity in an admiralty case, then admiralty law applies. Of particular relevance to the issue involved in this case is the conclusion of the Court that in the judgment against the State of Texas, the admiralty rate of interest of nine percent awarded by the district

court was applicable rather than the six percent set by the law of the state.

On the other hand, and in behalf of the defendant governmental agency the Port of Houston Authority, it can well be argued that the State of Texas in yielding its sovereign immunity yielded only that much of its freedom from suit as was specifically stated. In *Great Northern Life Ins. Co. v. Read,* 322 U.S. 47, 53, 64 S.Ct. 873, 876, 88 L.Ed. 1121 (1944), the Court said:

> The history of sovereign immunity and the practical necessity of unfettered freedom for government from crippling interferences require a restriction of suability to the terms of the consent, as to persons, courts and *procedure.* (Emphasis added.)

Section 7 of the Texas Tort Claims Act provides in terms:

> The laws and statutes of the State of Texas ... insofar as applicable to the extent that such rules are not inconsistent with the provisions of this Act, shall apply to and govern all actions brought under the provisions of this Act.

It can be argued then that the Texas legislature, as it had the power to do, could have intended to limit maritime tort actions brought against the state or its agencies to those which fell within the time prescriptions of the general state Statute of Limitations.

These counter arguments show that the resolution of this issue is by no means clear. In the absence of thorough briefing and of the necessity of deciding it, we find that the district court should first have considered an issue raised which is clearly a time requirement of the Texas Tort Claims Act and which may well dispose of this case.

### III.

■ The controlling issue at this stage of the proceedings in this case is posed by Section 16 of the Texas Tort Claims Act. As relevant to this case, it provides:

#### Notice of Death or Injury

Section 16. Except where there is actual notice on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental unit against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident.

This notice requirement, contained within the Texas Tort Claims Act itself, obviously is a limitation which the state clearly intended to apply to tort claims under the Act whether or not they are in state or federal courts or are under state or maritime law. As such it is binding since it is in terms a limit on the waiver of sovereign immunity.

■ Appellant has never asserted that formal notice to defendant was given at any time before the filing of the first lawsuit over two years after the alleged tort. The defendant denies having received any notice. In addition, the defendant, by an affidavit of its counsel, specifically denies ever having received any actual notice of any injury to appellant. The defendant alleges that its first knowledge of the incident and the claim was when appellant undertook to join it in the earlier lawsuit, filed two years and three months following the date of the alleged tort.

This case was decided by the district court on a motion to dismiss under Fed.R. Civ.P. Rule 12(b)(6). The record contains the factual issue, however, as to whether defendant had "actual" notice complying with the notice requirements of the Texas Tort Claims Act. In view of the affidavit filed by defendant, Port of Houston Authority, claiming that it had no actual notice, the district court could have treated the motion as one for summary judgment and disposed of it under Rule 56. But the necessary steps were not taken by the district court under Rule 56(c) to determine "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Only if appellant can establish that defendant had actual notice in compliance with the Texas Tort Claims Act can the issue concerning the applicability of the general two-year Texas Statute of Limitations apply. We, therefore, remand the case to the district court so that the court may afford appellant the opportunity under Fed.R.Civ.P. Rule 56(c) to counter the Port of Houston Authority's sworn factual assertion that it did not have the notice required by the Texas Tort Claims Act. If appellant does carry the burden of establishing that defendant did have notice within six months as required by the Act, the district court should then reconsider its decision concerning the applicable statute of limitations after thorough presentations by both parties.

### Conclusion

Treating defendant's motion to dismiss as a motion for summary judgment, the case must be remanded to the district court for further procedures in compliance with Rule 56(c).

REVERSED AND REMANDED.