United States Court of Appeals,

Fifth Circuit.

No. 94-20597.

The PILLSBURY COMPANY, INC., Plaintiff-Appellee,

v.

The PORT OF CORPUS CHRISTI AUTHORITY, Defendant-Appellant.

Oct. 11, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before JOLLY and BENAVIDES, Circuit Judges, and SHAW[*], District Judge.

BENAVIDES, Circuit Judge:

Defendant-Appellee The Port of Corpus Christi Authority ("Corpus Port") appeals the district court's denial of its motion to dismiss for lack of diversity jurisdiction and/or motion for summary judgment alleging that it is an "arm of the State of Texas" entitled to Eleventh Amendment immunity and not a "citizen" for purposes of diversity jurisdiction. We reverse the district court's ruling and dismiss for lack of jurisdiction.

FACTS AND PROCEDURAL HISTORY

The facts of the case are undisputed. The Pillsbury Company ("Pillsbury"), a Delaware corporation with its principal place of business in Minnesota, and the Corpus Port entered into a contractual arrangement concerning a shipment of bagged sugar consigned to Pillsbury. The shipment arrived at the Corpus Port in

---

[*]Chief Judge of the Western District of Louisiana, sitting by designation.

March 1991, and was allegedly damaged while being stored in the Corpus Port's cargo dock sheds (warehouses).

On March 8, 1993, Pillsbury sued the Corpus Port for breach of contract/bailment for the damage caused to the sugar stored at the Corpus Port. The Corpus Port filed a motion to dismiss for lack of diversity jurisdiction and/or motion for summary judgment, alleging that it was an "arm of the State of Texas," and therefore not considered a "citizen" for purposes of diversity jurisdiction. The Corpus Port also alleged that it was entitled to Eleventh Amendment immunity from suit in federal court.

After allowing the parties extra time for briefing the jurisdictional issue, the district court determined that the Corpus Port is not an arm of the State of Texas and thus, as a citizen within the meaning of 28 U.S.C. § 1332, is capable of supporting the exercise of the court's diversity jurisdiction.[1] The Corpus Port filed a motion for reconsideration or, in the alternative, a motion for certification under 28 U.S.C. § 1292(b). The district court denied the motion for reconsideration, but certified the interlocutory order for immediate appeal. This Court subsequently granted the interlocutory appeal.[2]

DISCUSSION

---

[1]The court also ruled that it lacked admiralty jurisdiction because 1) the contract at issue did not involve a maritime obligation to provide wharfage and 2) there was no evidence of a claim for damages arising from the breach of a severable maritime obligation of the contract.

[2]The Port of Houston Authority has filed a brief of *amicus curiae* in this appeal.

2

The district court's finding that the Corpus Port is legally and factually indistinguishable from the Port of Houston Authority ("Houston Port") is unassailed in this appeal. Accordingly, we are bound by our decision in *Kamani v. Port of Houston Authority*[3], in which we upheld an earlier decision finding the Houston Port "a creature of state law and a political subdivision of the State of Texas" entitled to Eleventh Amendment immunity. *Id.* at 613 (quoting *McCrea v. Harris County Houston Ship Channel Navigation Dist.,* 423 F.2d 605, 607 (5th Cir.), *cert. denied,* 400 U.S. 927, 91 S.Ct. 189, 27 L.Ed.2d 186 (1970)). Therefore, we find that the Corpus Port, like the Houston Port, is entitled to Eleventh Amendment immunity.

We reject Pillsbury's contention that the U.S. Supreme Court's decision in *Hess v. Port Authority Tans-Hudson Corp.*[4] overrules our decision in *Kamani. Hess* is not broad enough to support Pillsbury's contention. We view *Hess* as a limited holding addressing the standard to be applied to bi-state entities not created pursuant to state statute. Because the Corpus Port and the Houston Port were both created and still operate pursuant to Article XVI, Section 59 of the Texas Constitution, *Hess* does not overrule *Kamani* or control the disposition of this appeal. Likewise we find *Jacintoport Corp. v. Greater Baton Rouge Port Commission,* 762 F.2d 435 (5th Cir.1985), *cert. denied,* 474 U.S. 1057, 106 S.Ct. 797, 88 L.Ed.2d 774 (1986), decided after *Kamani* by

---

[3]702 F.2d 612 (5th Cir.1983)

[4]--- U.S. ----, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994).

3

a panel of this Court and pertaining to the Eleventh Amendment exception status of a port created under Louisiana law and not Texas law, is of no benefit to Pillsbury.

CONCLUSION

Having found that the Corpus Port is entitled to Eleventh Amendment immunity, we REVERSE the ruling of the district court and DISMISS Pillsbury's claim for lack of jurisdiction.