Pauline **DOUGHERTY**, Plaintiff,

v.

**GOLDEN GATE BRIDGE, Highway and Transportation District Defendant.**

No. C 97–2994 SBA (ARB).

United States District Court,
N.D. California.

July 7, 1998.

Thomas J. Boyle, Law Offices of Thomas J. Boyle, San Francisco, CA, for Pauline Dougherty, Plaintiff.

Thomas M. Buckley, Sterling & Clack, San Francisco, CA, for Golden Gate Bridge and Transportation District, Defendant.

*ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT*

ARMSTRONG, District Judge.

### BACKGROUND

Plaintiff brought this action for injuries allegedly sustained while she was employed by defendant Golden Gate Bridge, Highway and Transportation District. Plaintiff filed her complaint under the Jones Act, 46 U.S.C.App. § 688, and general admiralty law, asserting that her injuries were caused by defendant's negligence and the unseaworthiness of defendant's sea vessels.

Defendant now moves for summary judgment arguing that plaintiff's claims are precluded by the California Torts Claim Act ("CTCA"), through which defendant contends that it enjoys sovereign immunity. Defendant does not claim Eleventh Amendment immunity; rather, it claims a different type of immunity—immunity conferred by the

state. It asserts that it did not waive its immunity under the CTCA in this case, as plaintiff failed to file notice of her claim with defendant as required by the CTCA.

In addition, defendant asserts that plaintiff's unseaworthiness claim should be summarily adjudicated because it is a nonstatutory cause of action premised on strict liability and, as such, it is not cognizable under the CTCA.

Plaintiff counters, however, that state sovereign immunity in federal court must arise through the Eleventh Amendment, and that, because defendant does not qualify for immunity under the Eleventh Amendment, defendant cannot invoke the CTCA claims requirement.

Because the Court agrees with plaintiff's argument that the CTCA claims requirement does not apply in this action without a showing that defendant qualifies for Eleventh Amendment immunity, the Court need not reach plaintiff's alternate arguments that: (1) even if defendant were entitled to Eleventh Amendment immunity, federal law, specifically the Jones Act, preempts the use of administrative claims requirements; (2) even if the CTCA applies, plaintiff has substantially complied with the administrative claims requirement, and thus defendant must waive any defense based on plaintiff's failure to comply; (3) defendant should be estopped from claiming that there was a claims requirement in this case; (4) the California legislature intended to exempt employment-related suits from the administrative claims requirement of the CTCA; and (5) even if defendant were entitled to sovereign immunity from Jones Act claims, California's mandatory special duty doctrine preserves plaintiff's unseaworthiness rights.

### STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, summary judgment is warranted against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The party moving for summary judgment bears the initial burden of demonstrating the "absence of a genuine issue of material fact." *Id.* at 2553. If the movant meets this burden, the nonmoving party must come forward with specific facts demonstrating a genuine factual issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Thus an opposition which fails to identify and reference triable facts is insufficient to preclude the Court's granting of a properly supported summary judgment motion. *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.1988) (*per curiam*). Nonetheless, any inferences to be drawn from the facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita*, 106 S.Ct. at 1356.

### DISCUSSION

#### A. California Torts Claim Act

While defendant does not claim to enjoy Eleventh Amendment immunity, it does argue that it enjoys state-conferred sovereign immunity under the CTCA.

█ The CTCA provides that no suit may be brought against the state or a "public entity" for money or damages until a written claim has been presented and either acted upon or deemed rejected. Cal. Gov.Code §§ 905, 905.2, 910, 945.4. Thus, the CTCA constitutes a conditional waiver of California's state sovereignty in personal injury actions brought against the state's "public entities." Cal. Gov.Code § 811.2.

The CTCA definition of "public entity" includes districts. Thus the defendant, Golden Gate Bridge, Highway and Transportation District, contends that it is a "public entity" under the CTCA. *See id.; see also United States v. Golden Gate Bridge and Highway Dist. of Cal.*, 37 F.Supp. 505 (N.D.Cal.1941), *aff'd* 125 F.2d 872 (9th Cir.1942), *cert. denied*

316 U.S. 700, 62 S.Ct. 1298, 86 L.Ed. 1769 (1942) (holding that the District is an agency of the state).[1]

Defendant argues that because the plaintiff failed to file a notice of her claim, defendant, as a "public entity" under the CTCA, did not waive its immunity, and that plaintiff's case must, therefore, be summarily adjudicated in defendant's favor. Plaintiff, however, contends that the CTCA and its claims requirement do not apply in federal court unless a defendant qualifies for protection under the Eleventh Amendment. Because defendant does not qualify for Eleventh Amendment protection, plaintiff argues, the claims against defendant should stand.

## B. *Eleventh Amendment*

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

■ The Eleventh Amendment applies only to actions brought in federal court, not to actions initiated in state court. *Hilton v. South Carolina Pub. Rys. Comm'n*, 502 U.S. 197, 112 S.Ct. 560, 565, 116 L.Ed.2d 560 (1991) (*citing Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 2308, 105 L.Ed.2d 45 (1989)); *Bartlett v. Bowen*, 816 F.2d 695, 710 (D.C.Cir.), *opinion reinstated and rehearing en banc denied*, 824 F.2d 1240 (D.C.Cir.1987) (state courts offer forum to hear most constitutional claims against states which are barred in federal court by the Eleventh Amendment, as the Eleventh Amendment does not apply to state court actions).

■ To qualify for Eleventh Amendment immunity, a state instrumentality must be found to be an "arm of the state," and therefore "one of the United States." *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 117 S.Ct. 900, 904 and fn. 5, 137 L.Ed.2d 55 (1997) (*quoting Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977)).[2]

■ If a defendant does not enjoy Eleventh Amendment immunity in an action based on federal law, the Supremacy Clause makes the law "fully enforceable" in every state. *Hilton*, 112 S.Ct. at 566; *see Brown v. Western Ry of Ala.*, 338 U.S. 294, 70 S.Ct. 105, 106, 94 L.Ed. 100 (1949) (a federal right to pursue a cause of action "cannot be defeated by the forms of local practice").

■ But if a state or "arm of the state" does enjoy Eleventh Amendment immunity, no actions can be brought against it in federal court unless the immunity is overcome in one of two ways: (1) by Congressional abrogation of the immunity; or (2) by voluntary waiver by the state. *Welch v. Texas Dept. of Highways and Pub. Transp.*, 483 U.S. 468, 107 S.Ct. 2941, 2946, 97 L.Ed.2d 389 (1987).

The Supreme Court has held that Congress, by enacting the Jones Act, did not abrogate states' immunity. *Id.* at 2947. But California conditionally waived its immunity by enacting the CTCA. *See* Cal. Gov.Code §§ 905, 905.2, 945.4; *see also Kamani v. Port of Houston Auth.*, 702 F.2d 612, 613 (5th Cir.1983) (holding that similar Texas Tort Claims Act amounted to state's conditional waiver of sovereign immunity).

■ In this case, although defendant might be considered a "public entity" under the broad CTCA, defendant likely is not an "arm of the state" under the more narrow Eleventh Amendment,[3] and defendant has specifically not claimed Eleventh Amendment immunity for purposes of this Motion. Ac-

---

**1.** Plaintiff does not specifically contest that defendant qualifies as a "public entity" under the CTCA.

**2.** The Supreme Court has stated that an inquiry into whether an instrumentality is an "arm of the state" necessarily involves an analysis of "the essential nature and effect of the proceeding," *id.* (*quoting Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 66 S.Ct. 745, 746, 90

L.Ed. 862 (1946)), and the "nature of the entity created by state law." *Id.* (*quoting Mt. Healthy City Bd. of Educ.*, 97 S.Ct. at 572).

**3.** The Court does not reach the ultimate determination of whether defendant qualifies as an "arm of the state," as defendant has made no such claim, and consequently has not briefed the issue.

cordingly, plaintiff argues that, because defendant is not entitled to Eleventh Amendment immunity in the first instance, the question of the CTCA's waiver of that immunity is irrelevant. In other words, defendant cannot rely on the CTCA claims requirement because that claims requirement only applies in actions where the defendant is an "arm of the state" under the Eleventh Amendment.

The issue before this Court, therefore, is whether a defendant which is neither a state nor an "arm of the state" under the Eleventh Amendment may rely on a state claims requirement to avoid liability in federal court.

## C. *Relationship between the Eleventh Amendment and the CTCA*

Plaintiff cites *Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994), in support of its contention that the CTCA's claims requirement does not apply to the instant case. In *Hess*, the plaintiffs sued the defendant bistate railway of New York and New Jersey under the Federal Employers Liability Act (FELA).[4] The plaintiffs initiated their actions within the FELA's three year statutory period, but not within the one year limit imposed as a condition of New York's and New Jersey's conditional waiver of immunity statute.

The Supreme Court rejected the defendant's state law immunity defense, finding that the defendant bistate railway did not qualify for Eleventh Amendment immunity. *Id.* at 406. Because the defendant did not qualify for Eleventh Amendment immunity, the Supreme Court allowed the action to proceed despite plaintiff's failure to initiate the action within the states' one year statute of limitations, which was a condition for the states' waiver of immunity. In other words, because the defendant did not enjoy Eleventh Amendment immunity, the states' conditional waiver of immunity statute did not apply to that action.

Applying the ruling in *Hess*, the District Court for the Eastern District of New York held in *Brooklyn Bridge Park Coalition v. Port Auth. of N.Y. and N.J.*, 951 F.Supp. 383

(1997), that the states' conditional waiver of immunity statutes did not apply "in federal courts on questions of federal law." *Id.* at 387–388. For that reason, the court held that the defendant bistate entity did not enjoy sovereign immunity. *Id.*

■ In the present case, as in *Hess*, defendant is relying on plaintiff's failure to satisfy the requirements of the state's conditional waiver of immunity statute. Also, just as the defendant in *Hess* did not qualify for Eleventh Amendment sovereign immunity, defendant in this case is not claiming Eleventh Amendment immunity, but is instead seeking a distinct type of immunity under the CTCA. Thus, just as the states' statute in *Hess* did not apply to the plaintiff's claim because the Eleventh Amendment did not apply, the CTCA in the present action does not apply to plaintiff's claim because no claim of Eleventh Amendment immunity is being made.

Despite *Hess*, defendant argues that a number of cases support its contention that an entity, within the context of a federal court action, may invoke immunity conferred by a broad state statute such as the CTCA without first qualifying for Eleventh Amendment immunity. None of the cases cited by defendant, however, contains such a holding. The cases fall into two general categories: (1) those that involved claims brought in *state court* in which the court held that state-conferred immunity must be recognized; and (2) those that involved claims brought in *federal court* in which the court evaluated sovereign immunity under the Eleventh Amendment before considering any state immunity statutes.

As an example of the first type of case, defendant cites to *Gross v. Washington State Ferries*, 59 Wash.2d 241, 367 P.2d 600 (1961). In that Jones Act case, the defendant, Washington Toll Bridge Authority ("Washington Authority"), enjoyed sovereign immunity under state law. The Washington Authority contended that Washington state's conditional waiver of immunity statute, which required plaintiffs to file a notice of a claim within thirty days of the date the claim accrued,

---

**4.** The FELA is analogous to the Jones Act. *See Welch*, 107 S.Ct. at 2945 (noting that the Jones Act applied the remedial provisions of the FELA, and applying FELA cases to a Jones Act case).

precluded the plaintiff's claim in that case. *Id.* at 243, 367 P.2d 600.

The plaintiff asserted that the Supremacy Clause mandates that the Jones Act preempt any state requirements imposed on claims covered by that Act. Plaintiff argued, therefore, that Washington's conditional waiver of immunity and its notice of claims requirement did not apply to that action, and that the Jones Act's three year statute of limitations should govern. *Id.*

The Supreme Court of Washington disagreed, holding that the State of Washington's conditional waiver of immunity statute applied and that the Washington Authority had not waived its immunity because the plaintiff had failed to file the requisite notice of his claim. *Id.* at 250, 367 P.2d 600. As this was a state court case, however, the Eleventh Amendment did not apply, *see Hilton,* 112 S.Ct. at 565, and thus the Washington Authority's immunity originated in state law and was not limited by the "arm of the state" doctrine of the Eleventh Amendment.[5]

In the present case, it is possible that, had plaintiff filed in state court, as the plaintiff in *Gross* had, defendant, who purports to be a "public entity" under the CTCA, would enjoy state sovereign immunity and plaintiff would be subject to the CTCA and its claims requirement.[6] This action, however, is brought in federal court, and Eleventh Amendment jurisprudence, as discussed in *Hess,* applies. Accordingly, the state court cases that defendant cites do not support its claim of immunity in federal court.[7]

The second group of cases upon which defendant relies involved actions brought in federal court in which the courts treated Eleventh Amendment immunity as a prerequisite for claims of state immunity.

For example, defendant relies heavily on *Kamani,* a maritime case in which the defendant, the Port of Houston Authority ("Port Authority"), as an agent of the government of Texas, claimed sovereign immunity under the Texas Tort Claims Act ("Texas Act"). 702 F.2d at 613.

The Texas Act, like the CTCA, contained a waiver of state immunity conditioned on the requirement that a plaintiff give notice to the Texas government within six months of the accrual of a cause of action. This condition effectively imposed a six month statute of limitations, rather than the general two year statute of limitations provided by general maritime law. The Port Authority argued that the Texas Act barred the plaintiff's action, and the Fifth Circuit agreed. In an excerpt on which defendant in this case relies heavily, the Fifth Circuit stated,

> This notice requirement, contained within the Texas Tort Claims Act itself, obviously is a limitation which the state clearly intended to apply to tort claims under the [Texas] Act whether or not they are in state or federal courts or are under state or maritime law. As such it is binding since it is in terms a limit on the waiver of sovereign immunity. *Id.* at 615.

Earlier in the opinion, however, the court clearly had established that the Port Authority enjoyed Eleventh Amendment immunity, *id.* at 613; and it was not until the court held that the Port Authority enjoyed Eleventh Amendment immunity that it engaged in an analysis of whether such immunity had been waived based on the state's claims requirement. The court stated that "[a]lthough the claim is in admiralty, the Eleventh Amend-

---

**5.** Furthermore, the defendant in *Gross* likely would have qualified for Eleventh Amendment immunity in federal court, and thus the result in *Gross* is not inconsistent with plaintiff's argument.

**6.** Plaintiff does not agree with this proposition. Rather, plaintiff argues that the Supremacy Clause would make the Jones Act fully enforceable in state courts as well, thus preempting all state claims of immunity. (Pl.'s Mem. in Opp'n to Mot. for Summ. J. at 6 (*citing Hilton,* 112 S.Ct. at 566.)) The Court does not decide this

issue, however, as plaintiff's suit is before this federal court.

**7.** The defendant cites to other similar cases which are subject to the same analysis, as they involve state court claims not subject to Eleventh Amendment restrictions, including: *Tolan v. State of Cal.,* 100 Cal.App.3d 980, 161 Cal.Rptr. 307 (1979); *Lyons v. Texas A & M University,* 545 S.W.2d 56 (Tex.App.1977); *Maloney v. State,* 3 N.Y.2d 356, 165 N.Y.S.2d 465, 144 N.E.2d 364 (1957); *Morris v. Massachusetts Maritime Academy,* 409 Mass. 179, 565 N.E.2d 422 (1991).

ment sovereign immunity of the State of Texas stands [and t]he State of Texas has consented to claims in tort against state governmental entities under the Texas Tort Claims Act." *Id.* In *Kamani*, then, Eleventh Amendment immunity served as a prerequisite for considering the issue of a state's waiver of immunity.

In another case upon which defendant relies heavily, *Micomonaco v. State of Wash.*, 45 F.3d 316 (9th Cir.1995), the plaintiff brought suit under the Jones Act, and the defendant asserted the defense of immunity subject to waiver conditioned on the state's notice of claims requirement. In that case, the Ninth Circuit examined whether Washington's adoption of the Jones Act into state law, Wash. Rev.Code § 47.60.210, constituted consent to suit in federal court.

The court began its analysis with a discussion of Washington's Eleventh Amendment sovereign immunity. *See id.* at 319. Only after deciding that the state of Washington enjoyed Eleventh Amendment immunity did the court proceed to a discussion of whether the state had consented to waive that immunity. The Court concluded that the state had not consented to suit in federal court. *Id.* at 321.

Defendant in this action contends that, "[u]nderlying the entire [*Micomonaco* ] decision, however, is the recognition that Jones Act suits *are* subject to [state law]" (*emphasis in original* ). (Def.'s Mot. for Summ. J. at 14.) Jones Act suits are subject to state waivers of sovereign immunity, but only when the defendant, as in *Micomonaco* and *Kamani,* is a state or "arm of the state" entitled to Eleventh Amendment immunity.[8] *See Hess,* 115 S.Ct. at 394.

Finally, defendant relies upon two recent Orders, issued by Judges Thelton E. Henderson and Marilyn Hall Patel of the Northern District, in similar cases involving different plaintiffs suing the defendant of this action. Neither Judge Henderson nor Judge Patel fully addressed the issue of Eleventh Amendment immunity, and, in any event, neither of their decisions is controlling in this case. *See Starbuck v. City and County of San Francisco,* 556 F.2d 450, 457 and fn. 13 (9th Cir.1977) (district court judge not bound by the ruling of another judge of the same district court).

In the first case, *Gutekunst v. Golden Gate Bridge, Highway and Transp. Dist.* (C 96–3339 TEH), Judge Henderson held that defendant enjoyed immunity under the CTCA. (Henderson's Order at 2–3.) Judge Henderson, however, did not analyze the issue of whether defendant must qualify for Eleventh Amendment immunity before invoking immunity under the CTCA.

In the second case, *La Pointe v. Golden Gate Bridge, Highway and Transp. Dist.,* 1998 WL 544977, C–96–0998 MHP, Judge Patel discussed Eleventh Amendment immunity, stating that "the Jones Act is not considered a congressional abrogation of a state's Eleventh Amendment immunity... [and] cases support the defendant's contention that Jones Act suits are subject to state waivers of sovereign immunity." (*Id.* at 7, 1998 WL 544977.)

It is true that Jones Act suits are subject to state waivers of sovereign immunity, but, as the Supreme Court found in *Hess,* only in cases in which the defendant is considered "one of the United States" under the Eleventh Amendment. *See Regents of the*

---

**8.** Defendant also cites *Fordyce v. City of Seattle,* 55 F.3d 436, 441 (9th Cir.1995), to support its assertion that it has the right not to claim Eleventh Amendment sovereign immunity, while claiming that it enjoys a distinct variety of sovereign immunity under the CTCA. (Def.'s Reply at 2.)

In *Fordyce,* the Ninth Circuit observed that the State of Washington could conditionally waive its Eleventh Amendment sovereign immunity and consent to suit in federal court. The condition of its waiver was that the plaintiff was required to provide notice of his claim to the State Attorney General, as provided by the State's conditional

waiver of immunity statute. *Id.* The *Fordyce* court reasoned that the State of Washington clearly enjoyed Eleventh Amendment immunity, and thus could invoke the conditional waiver of immunity statute. In that case, therefore, the state statute served as a conditional waiver of Eleventh Amendment immunity, not of a distinct type of state-conferred immunity. *See id. Fordyce,* like *Kamani* and *Micomonaco,* therefore, does not support defendant's contention that, in federal court, a distinct variety of state sovereign immunity exists independently of Eleventh Amendment sovereign immunity.

*Univ. of Cal.,* 117 S.Ct. at 904 and fn. 5; *Hess,* 115 S.Ct. at 400.[9]

Therefore, to grant summary judgment in this case without a showing that defendant is entitled to Eleventh Amendment immunity would fly in the face of Supreme Court and Circuit Court case law, which consistently requires a defendant in federal court to qualify for Eleventh Amendment immunity before applying a state statute that limits a plaintiff's claim.[10]

### D. *Unseaworthiness Claim*

Defendant asserts that plaintiff's unseaworthiness claim should be dismissed because plaintiff failed to file an administrative claim and because: (1) unseaworthiness is a non-statutory cause of action, and as such is precluded by the CTCA; and (2) unseaworthiness, as a strict liability claim, is not cognizable under the CTCA. Because the CTCA does not apply to inhibit plaintiff's action, the Court rejects defendant's defense to plaintiff's unseaworthiness claim.

### *CONCLUSION*

Eleventh Amendment immunity is a prerequisite for state-conferred immunity. In order for defendant in the present case to successfully claim immunity under the CTCA, it would first have to prove that it enjoys Eleventh Amendment immunity as an "arm of the state." Only then would the CTCA's claims requirement apply to plaintiff's claim. Defendant, however, expressly refrains from asserting Eleventh Amendment immunity. (Def.'s Reply at 2.)

Accordingly, IT IS HEREBY ORDERED THAT Defendant Golden Gate Bridge, Highway and Transportation District's Motion for Summary Judgment, or, in the alternative, for Partial Summary Judgment (Docket No. 8–1) is DENIED.

IT IS SO ORDERED.

---

9. Because the CTCA does not apply to this action, the Court does not address whether plaintiff substantially complied with the claims requirement, or whether defendant waived its immunity.

10. If, at any time, evidence shows that defendant is entitled to Eleventh Amendment immunity, the Court will again entertain defendant's claim of immunity.