**YSLETA DEL SUR PUEBLO, Plaintiff–Appellant,**

v.

**EL PASO COUNTY WATER IMPROVEMENT DISTRICT NO. 1, Defendant–Appellee.**

**Southwestern Bell Telephone Company, Not Party.**

No. 98–51203
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 10, 2000.

Ronald Lee Jackson, Tom B. Diamond, Diamond, Rash, Gordon & Jackson, El Paso, TX, for Plaintiff–Appellant.

James M. Speer, El Paso, TX, Scott Warren Johnson, Pecos, TX, for Defendant–Appellee.

Before POLITZ, WIENER and STEWART, Circuit Judges.

PER CURIAM:

Plaintiff–Appellant The Ysleta Del Sur Pueblo ("Pueblo") appeals the district court's dismissal of its complaint against the El Paso County Water Improvement District No. 1 ("District") for lack of jurisdiction. The Pueblo argues that 1) the district court erred in determining that the District is the alter ego of the State of Texas and therefore immune to suit pursuant to the Eleventh Amendment, 2) Congress abrogated the State's Eleventh Amendment immunity in the Indian Non–Intercourse Act, 25 U.S.C. § 177, and 3) the State, by transacting in the Pueblo's lands, constructively waived Eleventh Amendment immunity by engaging in an activity regulated by Congress. Southwestern Bell Telephone Company ("Southwestern Bell") has filed a motion for leave to file an amicus brief out of time, which the District opposes.

■ We find that Southwestern Bell's motion is untimely, that the issue Southwestern Bell seeks to address has been adequately briefed by the Pueblo and the District, and that granting Southwestern Bell's motion would result in the needless delay of this case's disposition. *See* Fed.

R. App. P. 29. Accordingly, Southwestern Bell's motion is denied.

 We have reviewed the record and briefs submitted by the parties and find that the Pueblo's arguments lack merit. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 119 S.Ct. 2219, 2226, 144 L.Ed.2d 605 (1999); *Ysleta Del Sur Pueblo v. Laney*, 199 F.3d 281, 286–88 (5th Cir.2000); *Pillsbury Co., Inc. v. Port of Corpus Christi Authority*, 66 F.3d 103, 104 (5th Cir.1995); *Kamani v. Port of Houston Authority*, 702 F.2d 612, 613 (5th Cir.1983).

AFFIRMED.