IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51203
(Summary Calendar)
_____


YSLETA DEL SUR PUEBLO,

                                    Plaintiff-Appellant,

versus


EL PASO COUNTY WATER IMPROVEMENT
DISTRICT NO. 1,

                                    Defendant-Appellee.
_____

SOUTHWESTERN BELL TELEPHONE COMPANY,

                                    Not Party.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
April 10, 2000

Before POLITZ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:

     Plaintiff-Appellant The Ysleta Del Sur Pueblo ("Pueblo") appeals the district court's dismissal of its complaint against the El Paso County Water Improvement District No. 1 ("District") for lack of jurisdiction.  The Pueblo argues that 1) the district court erred in determining that the District is the alter ego of the State of Texas and therefore immune to suit pursuant to the Eleventh Amendment, 2) Congress abrogated the State's Eleventh

Amendment immunity in the Indian Non-Intercourse Act, 25 U.S.C. § 177, and 3) the State, by transacting in the Pueblo's lands, constructively waived Eleventh Amendment immunity by engaging in an activity regulated by Congress. Southwestern Bell Telephone Company ("Southwestern Bell") has filed a motion for leave to file an amicus brief out of time, which the District opposes.

We find that Southwestern Bell's motion is untimely, that the issue Southwestern Bell seeks to address has been adequately briefed by the Pueblo and the District, and that granting Southwestern Bell's motion would result in the needless delay of this case's disposition. <u>See</u> Fed. R. App. P. 29. Accordingly, Southwestern Bell's motion is denied.

We have reviewed the record and briefs submitted by the parties and find that the Pueblo's arguments lack merit. <u>See</u> <u>College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.</u>, 119 S. Ct. 2219, 2226 (1999); <u>Ysleta Del Sur Pueblo v. Laney</u>, 199 F.3d 281, 286-88 (5th Cir. 2000); <u>Pillsbury Co., Inc. v. Port of Corpus Christi Authority</u>, 66 F.3d 103, 104 (5th Cir. 1995); <u>Kamani v. Port of Houston Authority</u>, 702 F.2d 612, 613 (5th Cir. 1983).

AFFIRMED.