Robert ROBERTS and Jacqueline Roberts, Plaintiffs-Appellants,

v.

CITY OF PLANTATION, Defendant-Appellee,

Timothy Davis et al., Defendants.

No. 76–4507
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Robert F. Jordan, Fort Lauderdale, Fla., for plaintiffs-appellants.

Reginald M. Hayden, Jr., Miami, Fla., James Bielejeski, Donald J. Lunny, Fort Lauderdale, Fla., for City of Plantation.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM;

Appellant is a policeman for the City of Plantation, Florida. He claims he was injured by a fusillade of coconuts launched by young hooligans while he was patrolling a canal in a city vessel. He maintains that the vessel offered inadequate protection from such assault. Accordingly, he filed suit against the city and others in the district court, invoking its jurisdiction under the Jones Act, 46 U.S.C. § 688, and general admiralty jurisdiction, 28 U.S.C. § 1333.

 With only plaintiff's complaint and defendants' motion to dismiss before it, the district court dismissed the suit with prejudice. This was error. Plaintiff alleged that his employer's negligence had caused him injury while he was acting as a seaman in the course of his employment, explicitly invoking the Jones Act. The complaint stated a cause of action sufficient to withstand the motion to dismiss. The barebone pleadings here cannot resolve such issues as whether plaintiff will be able to bring himself within the definition of "seaman" or whether the canals of the city are navigable.

If plaintiff can prove himself entitled to Jones Act recovery, the exclusive remedy provisions of Florida's workmen's compensation statutes cannot oust the federal court of its jurisdiction. The related state proceedings that have taken place form no part of the record before us, so we have no cause to consider what, if any, res judicata or collateral estoppel effect they might have.

In short, the result reached by the district court may ultimately prove to rest on *terra firma*. At this stage of the proceedings, however, one simply cannot know. Consequently, Davey Jones must open his locker to make way for yet another "Blue Cat". *See Barber v. Motor Vessel "Blue Cat"*, 372 F.2d 626 (5th Cir. 1967).

The judgment of the district court is REVERSED.