**Jean E. WELCH**

v.

**STATE DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, et al.**

**Civ. A. No. H–81–2593.**

United States District Court, S. D. Texas, Houston Division.

March 1, 1982.

---

Michael D. Cucullu, Houston, Tex., for plaintiff.

Joe Gerhard, Austin, Tex., for State Dept. of Highways and Public Transp. and the State of Tex., defendants.

### MEMORANDUM AND ORDER

CIRE, District Judge.

Before the Court is a motion to dismiss filed by Defendants the State of Texas and its State Department of Highways and Public Transportation. For the reasons indicated below, the Court is of the opinion that this motion should be GRANTED. The Court therefore ORDERS that the Jones Act claims of Plaintiff against the State of Texas and its Department of Highways and Public Transportation are DISMISSED with prejudice.

Plaintiff brought this suit in admiralty against the State of Texas and its State Department of Highways and Public Transportation (DHPT) pursuant to the Jones Act, 46 U.S.C. § 688, and against two private companies pursuant to common law negligence and strict liability. Plaintiff alleges in her complaint that she was employed as a seaman by the DHPT or the

State when she was crushed between a mobile crane and the dock where she was standing in the course and scope of her employment as a marine technician on or about March 4, 1981.

The State and the DHPT have filed a motion to dismiss for want of subject matter jurisdiction claiming the protections of the eleventh amendment and the doctrines of sovereign immunity and governmental immunity in tort. Plaintiff responded to this motion by arguing that the Defendants waived these defenses to suit by operating a ferry service in commerce over navigable waters, which is within a federally regulated sphere of activity. The State and the DHPT contend, however, that they have neither expressly nor impliedly consented to suit and, further, that the exclusive remedy provision of the workers' compensation statute precludes suit under the Jones Act.

The eleventh amendment provides that states may not be sued in federal courts by citizens of another state or citizens or subjects of a foreign state. U.S.Const.amend. XI. This protection from suit has been construed to preclude as well a suit against a state by a citizen of that state. *Great Northern Life Ins. Co. v. Read*, 332 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944); *Hans v. Louisiana*, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The eleventh amendment immunity also clearly encompasses suits in admiralty. *Ex Parte State of New York*, 256 U.S. 490, 41 S.Ct. 588, 65 L.Ed. 1057 (1920); *Mifsud v. Palisades Geophysical Institute, Inc.*, 484 F.Supp. 159 (S.D.Tex.1980).

The Fifth Circuit addressed the status of eleventh amendment immunity most recently in *Karpovs v. Mississippi*, 663 F.2d 640 (5th Cir. 1981) and explained several principles that the Court finds directly relevant to this action:

> [As] a general matter suits against the state for prospective injunctive relief are permitted in limited circumstances, *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), but suits against the state treasury are absolutely barred. *Edelman v. Jordan* [415 U.S. 651, 94 S.Ct. 1347 [39 L.Ed.2d 662] (1974)] .... [This]

> immunity extends beyond the state and encompasses state agencies, officials and employees "when the action is in essence one for the recovery of money from the state ...." *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). In such cases, "the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants." *Id.; Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946). [Finally], the eleventh amendment applies unless a federally created right is at issue, or a state has either consented to suit in federal court or has waived its eleventh amendment shield. *Parden v. Terminal Railroad Co.*, 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964).

*Id.* at 643–44 (footnote omitted). Because Plaintiff seeks a monetary recovery that would be paid from the state treasury, *Karpovs* definitively precludes Plaintiff's argument that even if the State were entitled to assert eleventh amendment immunity, the DHPT would not be similarly protected.

Plaintiff's opposition to this motion to dismiss relies heavily on the Supreme Court's *Parden* decision. In *Parden*, the Supreme Court found that a state could waive its eleventh amendment immunity by merely operating within a federally regulated sphere. Although the federally regulated sphere in *Parden* was interstate railroads, lower courts later used the *Parden* reasoning to find that a state waived its immunity to the Jones Act by operating within the federally regulated maritime sphere. *Rivet v. East Point Marine Corp.*, 325 F.Supp. 1265, 1267 (S.D.Ala.1971), *ovr'd*, *Benniefield v. Valley Barge Lines*, 472 F.Supp. 314, 317 (S.D.Ala.1979); *Huckins v. Board of Regents of the University of Michigan*, 263 F.Supp. 622, 623 (E.D.Mich. 1967); *Cocherl v. Alaska*, 246 F.Supp. 328, 330 (D.Alaska 1965).

Subsequent to these decisions, however, the Supreme Court decided *Employees of the Department of Public Health & Wel-*

*fare v. Department of Public Health & Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). In *Employees,* the Court refused to extend *Parden* to cover every piece of legislation passed by Congress pursuant to its commerce power. Rather, *Employees* added an additional requirement to the *Parden* test for determining whether a state has implicitly waived its eleventh amendment immunity by operating within a federally regulated sphere: the private litigant must show that Congress expressly provided that the private remedy would be applicable to the States. 411 U.S. at 286, 93 S.Ct. at 1619.

Later that same year, the Fifth Circuit applied this new test to a suit brought under the Bridge Act of 1906, 33 U.S.C. § 491 et seq., and found that eleventh amendment immunity afforded the state agency being sued a complete defense. *Intracoastal Transportation, Inc. v. Decatur County, Georgia,* 482 F.2d 361 (5th Cir. 1973). This reasoning was followed by the Fifth Circuit in 1981 when it reaffirmed its interpretation of the Bridge Act of 1906 and extended its decision to find no implicit waiver of sovereign immunity when the cause of action was alternatively brought pursuant to the Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 401. *Freimanis v. Sea-Land Service, Inc.,* 654 F.2d 1155, 1160 (5th Cir. 1981). The Fifth Circuit's decision in *Karpovs, supra,* was another reaffirmation that these two pieces of federal legislation did not implicitly waive the states' eleventh amendment immunity.

*Freimanis* relied to a great extent on the Supreme Court's latest pronouncement on whether a state can implicitly waive its eleventh amendment immunity. In *Quern v. Jordan,* 440 U.S. 332, 345, 99 S.Ct. 1139, 1147, 59 L.Ed.2d 358 (1979), the Court held that the Civil Rights Act of 1871, 42 U.S.C. § 1983, did not abrogate the eleventh amendment immunity of the states. While distinguishing other cases where this immunity was held to be waived, *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.) and *Hutto v. Finney,* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) (Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988), the Supreme Court noted that section 1983 neither explicitly swept away the states' eleventh amendment immunity nor had a history that focused directly on the question of state liability and demonstrated a clear Congressional decision to abrogate that immunity. 440 U.S. at 345, 99 S.Ct. at 1147.

■ The wording of the Jones Act itself does not include an express decision by Congress to abrogate the eleventh amendment immunity of the states and Plaintiff has not demonstrated through the legislative history of this statute that Congress had a specific intent to allow private parties to bring suit against a state. The Court therefore finds that neither the State nor the DHPT have implicitly waived their eleventh amendment immunity by operating within a sphere arguably covered by the Jones Act.

■ Plaintiff argues alternatively that the State has expressly consented to be sued and has thus waived its eleventh amendment protection. The Texas Torts Claims Act allows suit against the State for personal injuries proximately caused by the negligence of any officer or employee acting within the scope of employment if the injury arose from "the operation or use of a motor driven vehicle and motor driven equipment." Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 3 (Vernon Supp. 1980–81). Section 4 of the Texas Torts Claims Act specifically waives the State's immunity from suit to the extent of the "liability created by Section 3" and grants permission to all claimants to sue the State of Texas for "all claims arising" under the Act. Tex.Rev. Civ.Stat.Ann. art. 6252–19 § 4 (Vernon 1970).

The State of Texas then attempts to limit this waiver of immunity in section 19 of the Act, which provides that a governmental unit carrying worker's compensation is entitled to the privileges and immunities granted by the Workers' Compensation Act. The DHPT carries worker's compensation insur-

ance, under a statute specifically providing for such. Tex.Rev.Civ.Stat.Ann. art. 6674s (Vernon 1977). Section 3 of this statute limits employees to this exclusive remedy for injuries sustained while working within the course of their employment.

Plaintiff argues that the exclusive remedy provision in the workers' compensation statute cannot preclude her recovery under the Jones Act and bases this argument on *Roberts v. City of Plantation,* 558 F.2d 750 (5th Cir. 1977). In *Roberts,* the Fifth Circuit held that if the plaintiff could prove himself entitled to Jones Act recovery, the exclusive remedy provisions of Florida's workers' compensation statutes could not oust the federal court of its jurisdiction. Similarly, the Fifth Circuit held in *Thibodaux v. Atlantic Richfield Co.,* 580 F.2d 841 (5th Cir. 1978), *cert. denied,* 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979), that the Louisiana statute providing that workers' compensation would be the exclusive remedy for an injured oil field maintenance and construction worker could not result in a dismissal of a Jones Act suit. *See also Ledoux v. Petroleum Helicopters, Inc.,* 609 F.2d 824 (5th Cir. 1980).

In neither *Roberts* nor *Thibodaux,* however, could the defendants assert an eleventh amendment immunity defense. These cases are therefore clearly distinguishable from the present action. A state is entitled to eleventh amendment immunity from the Jones Act and thus may be sued only with its consent, unlike a private defendant. Although Texas chose to waive its immunity through the Texas Torts Claims Act, it expressly limited that waiver when workers' compensation coverage is provided.

The Court therefore finds that the exclusive remedy provision in the workers' compensation statute for employees of the DHPT also precludes Plaintiff's Jones Act suit against her employer and the State of Texas. *See Mifsud v. Palisades Geophysical Institute, Inc.,* 484 F.Supp. 159 (S.D.Tex. 1980); *Lyons v. Texas A&M University,* 545 S.W.2d 56 (Tex.Civ.App.—Houston [14th Dist.] 1976, writ ref'd n.r.e.).

In conclusion, the State and DHPT are protected from Plaintiff's Jones Act claim against them in this Court by operation of eleventh amendment immunity. The Court therefore finds it unnecessary to address Defendant's alternative theories under the separate doctrines of sovereign immunity and governmental immunity in tort.

The motion to dismiss of Defendants the State of Texas and the Texas Department of Highways and Public Transportation is hereby GRANTED.