Cleofe M. FREEMAN, Appellant,

v.

STATE of Alaska, Appellee.

No. S–458.

Supreme Court of Alaska.

Aug. 30, 1985.

William J. Donohue, Kennelly, Azar & Donohue, P.C., Anchorage, for appellant.

Gary Foster, Asst. Atty. Gen., Fairbanks, Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

---

## OPINION

COMPTON, Justice.

This is an appeal from a summary judgment dismissing a negligence claim against the state. Freeman alleged the state is liable for negligent failure to institute dust control procedures on the Dalton Highway. The trial court concluded the state is immune from tort liability under the discretionary function immunity exception to the Tort Claims Act. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Dalton Highway is a 374 mile dirt and gravel road running from the Yukon River bridge to Prudhoe Bay, built and maintained at one time by Alyeska Pipeline Service Company (Alyeska). While Alyeska had the duty to maintain the highway, it ran water trucks to minimize the dust hazard.

Responsibility for maintaining the highway shifted from Alyeska to the State Department of Transportation and Public Facilities (State) in October 1978. State did not institute dust control procedures, although it considered calcium chloriding and other alternatives to minimize the dust hazard. State decided against instituting its own dust control procedures because of the expense and the existence of other maintenance priorities. Following State's assumption of the duty to maintain the highway, two truckers familiar with it testified that it was often very difficult or impossible to see other traffic due to the great amount of dust thrown up by tractor-trailers.

In August 1979, Cleofe Freeman was asleep in a GMC Blazer driven by Howie Hilliker. Both were Alyeska employees using a company truck to check the pipeline for corrosion. Freeman and Hilliker were traveling behind Joshua Stetson, who was driving a flatbed tractor-trailer carrying a load of steel pipe to Prudhoe Bay. Stetson ran out of fuel and stopped his rig in the northbound lane. Thirty to sixty seconds after he came to a halt, the GMC rear-ended Stetson's rig. Hilliker testified that heavy dust obscured his vision; he could not see Stetson's truck until it was too late to stop. Freeman was severely injured in the accident.

Freeman sued State, claiming it negligently failed to institute dust control procedures.[1] State moved for summary judgment, arguing that its failure to follow dust abatement procedures is immune from tort liability under the discretionary function exception to the Tort Claims Act. Judge Douglas J. Serdahely granted the motion, dismissing Freeman's claim with prejudice. Freeman appeals.

## II. DISCRETIONARY FUNCTION IMMUNITY

■ State has a duty to maintain the Dalton Highway in a safe condition. *Kuhn v. State*, 692 P.2d 261, 265 (Alaska 1984); AS 19.40.100.[2] Freeman alleges State breached this duty by negligently failing to control dust on the highway. Assuming that State's failure was negligent and that its negligence was a proximate cause of Freeman's injuries, State is liable to Freeman unless dust control is a discretionary function. AS 09.50.250.[3]

State argues that the decision to forego dust abatement procedures is a discretionary function born of budgetary necessity. Freeman contends that once the legislature enacted AS 19.40.100, accepting responsi-

---

**1.** Freeman also sued Stetson and his employer, Frontier Transportation Company.

**2.** AS 19.40.100 provides in relevant part:
(a) The department shall maintain the highway and keep it open to industrial or commercial traffic throughout the year.

**3.** AS 09.50.250 provides in relevant part:
A person ... having a ... tort claim against the state may bring an action against the state

in the superior court. ... However, no action may be brought under this section if the claim
(1) ... is an action for tort, and based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a state agency or an employee of the state, whether or not the discretion involved is abused....

bility for maintaining the highway, subsequent executive decisions were necessarily operational and therefore not immune.[4]

State liability is the rule; immunity is the exception. *Johnson v. State,* 636 P.2d 47, 64 (Alaska 1981); *Japan Air Lines v. State,* 628 P.2d 934, 937 (Alaska 1981); *Jennings v. State,* 566 P.2d 1304, 1311 (Alaska 1977). We have adopted a planning-operational test to determine whether a particular act is immune from liability. *State v. Abbott,* 498 P.2d 712, 721 (Alaska 1972).

> [U]nder the planning-operational test, decisions that rise to the level of planning or policy formulation will be considered discretionary acts immune from tort liability, whereas decisions that are operational in nature, thereby implementing policy decisions, will not be considered discretionary and therefore will not be shielded from liability.

*Johnson,* 636 P.2d at 64. The primary policy is to maintain separation of powers, avoid judicial invasion of legislative and executive spheres of authority and expertise, and prevent enormous and unpredictable public liability. *Abbott,* 498 P.2d at 721–22. Decisions concerning the allocation of available funding are often immune from suit under the discretionary function exception. *Industrial Indemnity v. State,* 669 P.2d 561, 566 (Alaska 1983); *Wainscott v. State,* 642 P.2d 1355, 1357 (Alaska 1982). "The thread common to the many cases on the issue is that the basic policy decision to undertake an activity is immune, but the execution is not." *Adams v. State,* 555 P.2d 235, 243–44 (Alaska 1976).

We conclude that the discretionary function exception applies and State is

therefore immune from suit. The legislature's acceptance of the duty to maintain the Dalton Highway by enacting AS 19.40.-100 is clearly an immune policy decision. Executive implementation of this policy is immune if the decisionmaker is authorized to consider basic political, social or economic policy factors and in fact considers them.[5] The affidavit of John Horn, Director of Maintenance and Operations for the Department of Transportation, Interior Region, indicates that a considered cost benefit decision concerning dust control on the Dalton Highway was made at a high level in the Department. The decision appears to be one involving such basic policy factors as the cost of such a program, alternative uses for the money that would be needed for such a program, and the physical and environmental detriments which would be inherent in the several dust control alternatives under consideration. The decision seems to have been clearly on the planning side of the sometimes vague and wavering line which separates planning from operational functions in our state government. Therefore, State is immune from suit under the discretionary function exception. The decision in *Kuhn v. State* is distinguishable.[6]

The judgment of the superior court is AFFIRMED.

---

**4.** Freeman essentially argues for a "semantic application of the planning-operational distinction," criticized in Note, *Sovereign Immunity and the Discretionary Function Exception of the Alaska Tort Claims Act,* 2 Alaska L.Rev. 99, 113–17 (June 1985). We expressly rejected the semantic approach in *State v. Abbott,* 498 P.2d 712, 720 (Alaska 1972). *But see Japan Air Lines v. State,* 628 P.2d 934 (Alaska 1981).

**5.** This analysis is suggested in Note, *Sovereign Immunity and the Discretionary Function Excep-*

*tion of the Alaska Tort Claims Act,* 2 Alaska L.Rev. 99, 112 (June 1985).

**6.** In *Kuhn* we held that the indemnity provision in permits issued to Dalton Highway users was unenforceable under the public duty exception to the general rule of enforceability. The state did not argue that its alleged negligent acts were not within the scope of its duty to maintain the highway. 692 P.2d 261.