**STATE of Alaska, DEPARTMENT OF PUBLIC SAFETY, and Tom Schwantes, Petitioners,**

v.

**Robert BROWN, Respondent.**

No. S-2829.

Supreme Court of Alaska.

June 22, 1990.

---

3. The Board recognized this remedy in this case.

Decision, p. 6.

Robert L. Eastaugh, Delaney, Wiles, Hayes, Reitman & Brubaker, Inc., Anchorage, for petitioners.

Ron J. Webb, Anchorage, and Eric Dickman, David S. Teske & Associates, Seattle, Wash., for respondent.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE and COMPTON, JJ.

## OPINION

MATTHEWS, Chief Justice.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Robert Brown was employed by the State of Alaska as First Mate on the Alaska Department of Public Safety patrol vessel VIGILANT, a 100–foot sea-going vessel. On June 18, 1985, while the VIGILANT was on patrol in Bristol Bay, Brown was injured as he boarded a fishing vessel to inspect it for a suspected violation of state fisheries laws.

After first accepting workers' compensation benefits under the Alaska Workers' Compensation Act, AS 23.30.005–.270,

Brown filed suit against the state, among others, in the superior court. Brown alleged that the state was liable to him under the Jones Act, 46 U.S.C.App. § 688, for negligence of the master of the VIGILANT, and under the admiralty doctrines of unseaworthiness, maintenance, and cure. The state moved for summary judgment on grounds of sovereign immunity and the exclusive remedy provision of the Workers' Compensation Act, AS 23.30.055. The trial court denied the motion. We granted the state's petition for review.

### II. DISCUSSION

The trial court summarized its reasons in an order denying the state's motion for reconsideration as follows:

> After statehood, the tort claims act was passed. It expanded the waiver of sovereign immunity to cover all tort claims, specifically mentioning admiralty. No limiting language referring to the workers' compensation statute was included in the tort claims act.
>
> It is this court's view, thus, that once the tort claims act was passed, there was no intention to retain sovereign immunity vis-a-vis negligence claims against the state. The workers' compensation law is construed as simply a limitation regarding all employee-employer relations. It has nothing to do with limiting the waiver of sovereign immunity. In the case of admiralty law, workers' compensation principles are superseded by federal law for all employees, state workers constituting no exception.

The same rationale was expressed in an opinion issued by former Attorney General Hayes more than 25 years ago. 1963 Formal Op. Att'y Gen. 28. In addressing the question of whether workers employed by the state on state ferries could sue the state under the Jones Act, the opinion stated:

> [T]he only question remaining is whether the State of Alaska has waived its sovereign immunity. If it has, the Jones Act is supreme; if it has not, the State cannot be sued under the Jones Act and the only remedy available to State

employees is the State workmen's compensation act.

*Id.* at 11. The opinion next quoted the Claims Against the State Act, AS 09.50.-250, and continued:

> By this waiver of immunity it must be concluded that the State may be sued for negligent torts which arise under the Jones Act. It is true that under the Alaska Workmen's Compensation Act, employers, including the State (AS 23.-30.265), are excluded from admiralty liability.

*Id.* at 12. The opinion then quoted the exclusive remedy provision of AS 23.30.055, and stated:

> However, this exclusive liability provision cannot act as a limitation on suits against the State under the Federal Maritime law once the State has unqualifiedly waived its immunity for negligent torts.... A state cannot protect private citizens from suit for a maritime tort by limiting the exclusive Federal admiralty jurisdiction as delegated by Article III, Section 2, of the United States Constitution. By waiving its immunity, the state stands in the position of a private party and cannot limit its tort liability by a general provision in the workmen's compensation act. So much of AS 23.30.055 as limits the liability of employers in admiralty must be considered an invalid infringement on the Federal jurisdiction.
>
> If it is the desire of the State to limit its tort liability to the workmen's compensation act, it may do so by legislative enactment of an exception to the waiver of sovereign immunity section contained in AS 09.50.250.

*Id.* at 13. We agree with this reasoning. Our explanation follows.

Alaska Statute 09.50.250 provides that "[a] person ... having a ... tort claim against the state may bring an action against the state in the superior court." This statute waives the sovereign immunity of the state as to claims brought in superior court for torts sounding in admiralty, as well as those based on state law. *State v. Stanley*, 506 P.2d 1284, 1290–1291 and n. 9 (Alaska 1973). Subject to certain explicit exceptions, the intent of this statute was to put the state on an equal footing with private persons or entities who are sued in tort. *See State v. Abbott*, 498 P.2d 712, 724 (Alaska 1972).

The Workers' Compensation Act, to which the state is subject to the same extent as private employers, provides in part that "[t]he liability of an employer [under the Workers' Compensation Act] is exclusive and in place of all other liability of the employer ... and anyone otherwise entitled to recover damages ... at law or in admiralty on account of the injury or death." AS 23.30.055. This provision would bar any suit by Brown for damages under state law. However, the present case is brought under federal maritime law.

The exclusive remedy provision cannot deprive Brown of his federal maritime remedy. In *Barber v. New England Fish Co.*, 510 P.2d 806 (Alaska 1973), a longshoreman was injured while aboard a barge owned by his employer. Although he had already collected benefits under the Alaska Workers' Compensation Act, we held that the exclusive remedy provision of the act did not preclude him from seeking a further recovery against his employer under federal maritime law for unseaworthiness.[1] Similarly, in *Thibodaux v. Atlantic Richfield Co.*, 580 F.2d 841, 847 (5th Cir.1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979), the court held that "an exclusive remedy provision in a state workmen's compensation law cannot be applied when it will conflict with maritime policy and undermine substantive rights afforded by federal maritime law." *Accord Purnell v. Norned Shipping B.V.*, 801 F.2d 152, 156 (3rd Cir.1986). In *Thibodaux*, the court reversed summary judgment in favor of Atlantic Richfield and remanded the case to allow plaintiffs to pursue their general maritime claims against the latter for wrongful death. 580 F.2d at 847–48. The

---

1. We noted in *Barber* that double recovery would not be permitted as the amounts paid under the compensation award would be subject to offset should the employee win his federal maritime case. *Id.* at 813, n. 39. This observation also governs the present case.

court noted that it had been presented with an analogous question in *Roberts v. City of Plantation,* 558 F.2d 750 (5th Cir.1977). *Thibodaux,* 580 F.2d at 846. In *Roberts,* the court held that the exclusive remedy provisions of Florida's workmen's compensation act were not a defense to a Jones Act claim. 558 F.2d at 751.

The *Thibodaux* court found support in the Supreme Court's decision in *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202, 98 L.Ed. 143 (1953). There, the court refused to apply a state contributory negligence defense which would have barred recovery for a general maritime cause of action. The court stated that "[w]hile states may sometimes supplement federal maritime policies, a state may not deprive a person of any substantial admiralty rights as defined in controlling acts of Congress or by interpretative decisions of this Court." *Id.* at 409–10, 74 S.Ct. at 205 (footnote omitted). To hold otherwise would undermine the uniformity of maritime law "which the [Federal] Constitution has placed under national purview to control in 'its substantial as well as procedural features.'" *Id.* at 409, 74 S.Ct. at 205 (quoting *Panama R.R. Co. v. Johnson,* 264 U.S. 375, 386, 44 S.Ct. 391, 393, 68 L.Ed. 748 (1924)). These precedents compel the conclusion that the exclusive remedy provisions of the Alaska Workers' Compensation Act cannot deprive Brown of his federal Jones Act claim against the state.

The state relies on *Johansen v. United States,* 343 U.S. 427, 72 S.Ct. 849, 96 L.Ed. 1051 (1952), in support of its argument that the exclusive remedy provision of the Workers' Compensation Act applies. *Johansen* involved an injury to a seaman-federal employee who sued the government for damages for negligence under the Public Vessels Act of 1925, 46 U.S.C. §§ 781–799. The court held that this remedy was barred by the Federal Employees' Compensation Act of 1916, which provided a workers' compensation remedy to federal employees. *Id.* at 441, 72 S.Ct. at 857. The *Johansen* case presented a conflict between two federal remedies. It is thus unlike the state-federal problem which is present here.

The state also relies on three state cases: *Lyons v. Texas A & M University,* 545 S.W.2d 56 (Tex.Civ.App.1977); *Gross v. Washington State Ferries,* 59 Wash.2d 241, 367 P.2d 600 (1961); *Maloney v. State,* 3 N.Y.2d 356, 165 N.Y.S.2d 465, 144 N.E.2d 364 (1957). In these cases the sovereign immunity waiver was expressly conditioned on preserving the defense in question. *Lyons* involved an act waiving sovereign immunity which, as an integral part of the waiver, reserved to the state "all of the privileges and immunities granted by the Workmen's Compensation Act ... to private persons and corporations." 545 S.W.2d at 58. In *Maloney,* the act waiving sovereign immunity was "careful to provide that, in waiving immunity, the exclusiveness of the compensation remedy against the State is not impaired." 144 N.E.2d at 367. The sovereign immunity waiver in *Gross* was expressly conditioned by a 30–day notice of claim proviso. 367 P.2d at 605. By contrast, the waiver of immunity contained in the Alaska Claims Against the State Act is not conditioned on preserving the defense in question here— the exclusive remedy provision. These cases teach that the legislature could make the exclusive remedy defense applicable to federal maritime claims by referring to the defense in the sovereign immunity waiver contained in the Claims Act. However, the legislature has not chosen to do so.

Merely because the exclusive remedy defense is not a condition of the waiver of the sovereign immunity of the state does not mean that the Claims Against the State Act has repealed the exclusive remedy defense. The defense is fully applicable to all claims against the state brought under state law. However, the defense does not apply to federal remedies, and thus the decision of the superior court is AFFIRMED.

COMPTON, J., dissents.

MOORE, J., not participating.

COMPTON, Justice, dissenting.

I.

Assuming the court's conclusion is correct, state employed maritime workers

stand to recover more than state employed land-based workers who suffer the same injury in a virtually identical accident. If the court is wrong, then state employed maritime workers stand to recover less than their privately employed counterparts. Thus, under either result, inequities are inevitable. However, traditional methods of statutory analysis lead to the conclusion that sovereign immunity was retained as to Jones Act suits.

The doctrine of sovereign immunity bars Jones Act suits for damages by injured state employees in state court, absent a waiver of immunity. *Gross v. Washington State Ferries*, 59 Wash.2d 241, 367 P.2d 600, 602 (1961); *Maloney v. State*, 3 N.Y.2d 356, 165 N.Y.S.2d 465, 144 N.E.2d 364, 365 (1957); *Lyons v. Texas A & M Univ.*, 545 S.W.2d 56, 58 (Tex.Civ.App.1977).[1]

The Claims Against the State Act (CATSA), AS 09.50.250, provides that "[a] person ... having a ... tort claim against the state may bring an action against the state in the superior court." Jones Act claims sound in tort. *See Collins v. State*, 823 F.2d 329, 332 (9th Cir.1987) (CATSA does not waive Alaska's immunity from Jones Act suit in federal court). The Alaska Workers Compensation Act (AWCA), on the other hand, provides that the "liability of an employer [within this act] is *exclusive* and *in place of all other liability of the employer* ... at law or in admiralty...." "Employer" as defined includes the state. AS 23.30.265(13). Should this language be given its plain meaning, Brown would be entitled to the worker's compensation he has received and no more.

The exclusive liability provision of AWCA, beginning in 1949, provided the exclusive remedy against the territory as an employer in lieu of claims "now existing at common law or otherwise." § 43-3-10 ACLA (1949); § 43-3-38 ACLA (1949). This was followed by a broad, general enactment providing relief to persons with "any claim" against the territory. § 56-7-1 ACLA (Supp.1957). This enact-ment did not explicitly purport to supersede exclusive worker's compensation liability for the state; the exclusive liability provision was retained.

Upon statehood, the exclusive liability provision of AWCA was reenacted, limiting claims "at law or in admiralty." AS 23.30.055. Thus, despite the existence of a general right in third persons to make "claims" against the state in superior court, the legislature seemingly reaffirmed the state's limited waiver of immunity when acting as an employer. CATSA was refined to something near its present form in 1962. AS 09.50.250.

Without the enactment of AWCA or CATSA, an injured territorial or state worker would have had no claim at all against the territory or state, even with the aid of the Jones Act. The territory or state would have been immune from suit. *Ex Parte New York No. 1*, 256 U.S. 490, 500, 41 S.Ct. 588, 590, 65 L.Ed. 1057 (1921); *cf. Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-73, 107 S.Ct. 2941, 2945-46, 97 L.Ed.2d 389 (1987). The original AWCA must therefore have been a *limited* waiver of sovereign immunity; otherwise an employee of the territory would not have been entitled to *any* compensation from the territory for an injury occurring while on the job. Thus, in order to prevail, Brown needs to show that the more general waiver of sovereign immunity in CATSA was somehow intended to abrogate the effect of the more limited waiver of sovereign immunity in AWCA, despite AWCA being left intact.

Despite its lengthy discussion of federal case law, none of which is relevant given that the employer here is the state, the court's rationale is really rather simple. The court seizes upon our prior cases narrowly construing retentions of sovereign immunity when the state is not an employer, *e.g.*, *Freeman v. State*, 705 P.2d 918, 920 (Alaska 1985), transforms them into establishing a requirement that retentions of sovereign immunity must necessarily be

---

1. It is worth noting that the court is unable to cite a single state case affording an injured state maritime employee Jones Act relief.

explicit, and then concludes that because sovereign immunity was not explicitly retained in CATSA itself, it was not retained at all.[2] This is not the issue; rather the question should be whether CATSA was intended to repeal the effect of AWCA.

Repeal by implication is not favored. *Peter v. State*, 531 P.2d 1263, 1267 (Alaska 1975). A specific statutory provision ordinarily is not repealed by a later enacted, general statutory provision. *Preston v. Heckler*, 734 F.2d 1359, 1368 (9th Cir.1984); *United States v. Hawkins*, 228 F.2d 517, 519 (9th Cir.1955). Repeal by implication is limited and only found when necessary to carry out the legislature's intent. *Warren v. Thomas*, 568 P.2d 400, 403 (Alaska 1977).

Did the legislature, in enacting CATSA, *intend* to subject the state to Jones Act claims by its own employees, notwithstanding AWCA? Did it intend to allow its maritime workers to receive preferential treatment over its land-based workers? Had the question occurred to the legislators at the time, then arguably a clause referencing AWCA and maintaining its integrity as the sole, comprehensive remedy for injured state maritime workers could have been included.

In saying this, however, I reject any implication that the legislature is somehow prevented by "federalism" from amending CATSA to make clear that the sole remedy of its injured maritime employees is worker's compensation, and that Brown is entitled to a "double dip." The mere fact that the Jones Act exists as a federal cause of action does not mean that state sovereign immunity, properly asserted, is abrogated. *See Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 242, 105 S.Ct. 3142, 3147, 87 L.Ed.2d 171 (1985). Moreover, the Jones Act has been held not to abrogate properly asserted state sovereign immunity. *Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 475–76, 107 S.Ct. 2941, 2946–47, 97 L.Ed.2d 389 (1987). Any Jones Act recovery by Brown must be offset by the workers' compensation benefits he has received. *Barber v. New England Fish Co.*, 510 P.2d 806, 812–13 & n. 39 (Alaska 1973).

## II.

The foregoing, of course, assumes away the bothersome question of whether the Jones Act was ever intended to apply at all to states as employers. One justice of the United States Supreme Court has opined that it was not. *Welch*, 483 U.S. at 496, 107 S.Ct. at 2957 (Scalia, J., concurring). The court in *Welch* left open the question. *Id.* at 476, 107 S.Ct. at 2947.

The rationale for Justice Scalia's concurrence appears to derive from the majority opinion in *Will v. Michigan Dep't of State Police*, 491 U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Will*, the Court held that states are not persons within the meaning of 42 U.S.C. § 1983. *Will*, 109 S.Ct. at 2308. In *Will*, the Court, while noting that the case did not involve the Eleventh Amendment since the underlying suit was brought in state court, *id.*, nonetheless opined that similar federalism concerns were implicated when Congress subjected a state to liability which it would not otherwise be subject to. Accordingly, the Court held that if *Congress* intends to preempt state sovereign immunity by subjecting a state to a federal remedy, it must make its intention to do so "unmistakably clear in the language of the statute." *Id.* at 2308–09. "In traditionally sensitive areas, such as legislation affecting the federal balance, the requirement of clear statement assures that the legislature has in fact faced, and intended to bring into issue, the critical matters involved in the judicial decision." *Id.*, *quoting United States v. Bass*, 404 U.S. 336, 349, 92 S.Ct. 515, 523, 30 L.Ed.2d 488 (1971).

A straightforward application of *Will* to the facts before us leads to the conclusion that the Jones Act simply is inapplicable to the states. The Court has already held, in

---

**2.** If the court is correct that retentions of sovereign immunity must be explicit, then the court's assertion that AWCA is still an effective defense against state law claims must be wrong, since CATSA does not explicitly retain sovereign immunity as to state claims. Nor could *Collins* be correctly decided if CATSA is as broad a waiver as the court maintains.

the analogous though different context of the Eleventh Amendment, that the Jones Act is not sufficiently clear and unambiguous. *Welch*, 483 U.S. at 475–76, 107 S.Ct. at 2946–47.

Thus, either under traditional modes of statutory analysis as applied to AWCA and CATSA, or under the *Will* Court's method of interpreting federal statutes, Brown is limited to his workers' compensation remedy. Accordingly, I dissent.