NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| HUGO ROSALES, | ) |
| | ) Supreme Court No. S-17578 |
| Appellant, | ) |
| | ) Alaska Workers' Compensation |
| v. | ) Appeals Commission No. 19-009 |
| | ) |
| ICICLE SEAFOODS, INC. and | ) MEMORANDUM OPINION |
| SEABRIGHT INSURANCE CO., | ) AND JUDGMENT* |
| | ) |
| Appellees. | ) No. 1787 – September 2, 2020 |
| | ) |

Appeal from the Alaska Workers' Compensation Appeals Commission.

Appearances: Hugo Rosales, pro se, Somerton, Arizona, Appellant. Merrilee Harrell and Nathan J. Beard, Legros Buchanan & Paul, Seattle, Washington, for Appellees.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices.

## I. INTRODUCTION

A worker injured on a fish-processing boat brings a third appeal after his third attempt to set aside the settlement of his workers' compensation claims was denied by the Alaska Workers' Compensation Board and affirmed by the Alaska Workers'

---

\*     Entered under Alaska Appellate Rule 214.

Compensation Appeals Commission.[1] We have affirmed the Commission's decisions in each previous appeal; we do so once more.

## II. FACTS AND PROCEEDINGS[2]

In May 2007 Hugo Rosales was working for Icicle Seafoods on a fish-processing vessel in Bristol Bay when a tray of frozen fish fell and hit him in the back of the head.[3] He returned to his home in Arizona and filed a written workers' compensation claim for head and back injuries.[4]

Rosales later hired a Seattle attorney who filed a maritime lawsuit against Icicle in Washington state court and also entered his appearance in Rosales's workers' compensation case.[5] The parties reached a global settlement of both matters.[6] Under its terms Icicle paid Rosales $200,000 to settle all claims, with Rosales receiving about $113,000 after attorney's fees and costs.[7] In return Rosales waived future medical and reemployment benefits.[8]

---

[1] *See Rosales v. Icicle Seafoods, Inc.* (*Rosales II*), S-16373, 2017 WL 3122390 (Alaska July 19, 2017); *Rosales v. Icicle Seafoods, Inc.* (*Rosales I*), 316 P.3d 580 (Alaska 2013).

[2] Because our previous decisions have set forth the facts in detail, we provide only a brief summary here. *See Rosales I*, 316 P.3d at 582-85; *see also Rosales II*, 2017 WL 3122390, at *1-3.

[3] *Rosales I*, 316 P.3d at 582.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.* at 582-83.

Because of the benefits Rosales was waiving, the Board was required to review the settlement to determine whether it was in his best interest.[9] The Board initially rejected the settlement because it was unclear whether Rosales had an ongoing work-related foot injury in addition to injuries listed in the settlement.[10] Rosales first asked for and was given more time to consider the settlement; the Board then set the matter on for another hearing.[11] At that hearing Rosales testified that he wanted the Board to approve the settlement, that he understood that he would not receive any more workers' compensation benefits, that he understood that it would be "virtually impossible" to set aside the settlement agreement, and that he believed that the settlement was in his best interest.[12] The Board concluded the settlement was in Rosales's best interest and approved it.[13]

About eight months later, Rosales, no longer represented by counsel, sought further workers' compensation benefits and asked the Board to modify or set aside the settlement.[14] The Board denied his requests based on the settlement; the Commission

---

[9] AS 23.30.012(b).

[10] *Rosales I*, 316 P.3d at 583.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.* at 582-83.

affirmed the Board's decision.[15]  Rosales appealed and we affirmed the Commission's decision.[16]

About a month after we decided *Rosales I*, Rosales, representing himself, filed another petition with the Board seeking to set aside the settlement; he later filed another claim for benefits.[17]  The Board denied Rosales's petition after deciding that res judicata applied and barred his claim.[18]  The Commission affirmed the Board; Rosales appealed.[19] We affirmed the Commission's decision.[20]  Although it was an unpublished decision, because Rosales was not represented by counsel, we explained at some length how res judicata worked to bar his claims.[21]

About a month after we decided *Rosales II*, Rosales, again representing himself, filed another petition to set aside the settlement.  Icicle opposed and apparently requested a screening order to limit Rosales's ability to file future petitions to set aside the settlement.  A Board designee refused to schedule a hearing; Rosales appealed to the Board.  The Board held a hearing at which it reversed the designee's order, but it issued an order of its own.  The Board's order permitted a Board hearing officer to refuse to

---

[15]     *Id.* at 583-84.

[16]     *Id.* at 589.

[17]     *Rosales II*, S-16373, 2017 WL 3122390, at *2 (Alaska July 19, 2017). After the first appeal Rosales also filed a conflict of interest complaint against the Board hearing officer who had presided at the settlement-approval hearing.  *Id.*

[18]     *Id.* at *3.  The Board agreed with Rosales that his attorney inappropriately withheld a portion of the workers' compensation settlement funds as attorney's fees.  *Id.*

[19]     *Id.*

[20]     *Id.* at *15.

[21]     *Id.* at *3-14.

accept a petition or claim filed from Rosales if, in the hearing officer's opinion, res judicata barred it.

Rosales appealed the Board's order to the Commission, arguing that the Board lacked authority to issue such an order. The Commission vacated the Board's order but directed the Board to follow a different procedure, which preserved Rosales's appeal rights and was outlined in the Commission decision, to determine if res judicata barred Rosales's current filing and any future ones. The Board then held a hearing to address Rosales's petition to set aside the settlement as well as his request for temporary partial disability (TPD) benefits. The Board decided that res judicata barred Rosales's request to set aside the settlement. It denied his request for TPD, which he had not previously requested, because it was barred by the settlement agreement.

Rosales sought to appeal questions related to the settlement's validity to the Commission; Icicle opposed an appeal on the merits, and the Commission dismissed the appeal. The Commission decided that res judicata barred the only issue Rosales had identified in his points on appeal and that Rosales had a full and fair opportunity to litigate the issue in previous proceedings. It dismissed the appeal and required each party to bear its own costs.

Rosales appeals.

## III. DISCUSSION

In an appeal from the Commission, we review the Commission's decision and not the Board's.[22] "Whether res judicata applies is a question of law that we review de novo."[23] We give a judgment res judicata effect "when it is (1) a final judgment on

---

[22] *Rosales I*, 316 P.3d 580, 584 (Alaska 2013) (citing *Shehata v. Salvation Army*, 225 P.3d 1106, 1113 (Alaska 2010)).

[23] *Patterson v. Infinity Ins. Co.,* 303 P.3d 493, 497 (Alaska 2013) (quoting
(continued...)

the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[24] "Res judicata applies to administrative proceedings, but 'it is not always applied as rigidly in administrative proceedings as it is in judicial proceedings.' "[25]

Rosales argues first that the Board did not have jurisdiction to approve the workers' compensation settlement because the approval was based on the money paid for his Jones Act claim. He cites *State, Department of Public Safety v. Brown*[26] to argue that most of the money he received under the global settlement for his maritime claims was an exclusive "federal remedy" separate from any workers' compensation to which he might have been eligible. He contends that *Rosales I* created new law and overruled *Brown* because the global settlement of his workers' compensation and maritime claims did not give him a double recovery. He maintains that Icicle was entitled to offset its workers' compensation payments only by the amount it should have paid for "maintenance and cure" — about $14,600 — because that money is similar to workers' compensation. In his view the balance of the $195,000 represented other types of damages, such as pain and suffering, that are available under the Jones Act but not under workers' compensation.

In response, Icicle argues that res judicata bars Rosales's arguments, pointing out that we specifically addressed the Board's jurisdiction over the settlement

---

[23]    (...continued)
*Smith v. CSK Auto, Inc.*, 132 P.3d 818, 820 (Alaska 2006)).

[24]    *Id.*

[25]    *Rosales II*, 2017 WL 3122390, at *4 (quoting *Robertson v. Am. Mech., Inc.*, 54 P.3d 777, 779-80 (Alaska 2002)).

[26]    794 P.2d 108, 110 (Alaska 1990) (holding that AS 23.30.055 does not "deprive [an injured worker] of his federal maritime remedy").

in *Rosales I*.[27]  Icicle turns to *Rosales II* to rebut Rosales's arguments that *Rosales I* created new law and that the bulk of the money he received under the settlement was exclusively a "federal remedy."  Icicle points out that we rejected his "efforts to set aside the . . . settlement" because they were "barred by res judicata."

Rosales does not explain why the settlement's explicit statement that the Board could consider the entire amount of the global settlement, "including the maritime portion of the settlement,"[28] should be disregarded.  Nor does he indicate why res judicata would not bar this issue either because he could have raised it in the first appeal but did not[29] or because he in fact raised a very similar issue in the second appeal and we decided that issue against him.[30]

We held in *Rosales II* that "Rosales had a full and fair opportunity to litigate the issues he raise[d] . . . even if he did not in fact raise them in the course of the first proceeding, so that res judicata bars his current claim."[31]  Res judicata continues to bar these claims.  His argument based on *Brown* is barred because, as we stated in *Rosales II,* Rosales and his attorney never asked the Board to segregate any part of the settlement as a specific type of damages.  "They instead signed a settlement agreement that the

---

[27]    316 P.3d at 584-85.

[28]    *See Rosales II*, 2017 WL 3122390, at *8.

[29]    *See id.* at *4 ("Res judicata 'precludes relitigation between the same parties not only of claims that were raised in the initial proceeding, but also of those relevant claims that could have been raised then.' " (quoting *Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013))).

[30]    *See id.* at *8-9.

[31]    *Id.* at *4.

Board could consider 'all amounts' in determining Rosales's best interest."[32] We observed that "[t]he maritime settlement here consisted of an undifferentiated total of $195,000, representing payment to Rosales for his maritime claims as well as attorney's fees and costs."[33] And we recognized that when it considered Rosales's best interest, the Board excluded consideration of the amount of settlement money designated as attorney's fees and costs.[34]

Because the arguments Rosales now makes could have been presented to the Board at the time of the settlement hearing and were not, or actually were presented to us in his previous appeals, all are barred under res judicata. Because res judicata barred relitigation of the only issue Rosales raised in the current Commission appeal, the Commission did not err in dismissing the appeal.

## IV.  CONCLUSION

We AFFIRM the Commission's decision.

---

[32]  *Id.* at *8-9.

[33]  *Id.* at *8.

[34]  *Id.* at *9.